Kenneth A. HERON, Appellant,

v.

The CITY OF DENVER, a municipal corporation; Will F. Nicholson, individually and as Mayor of the City of Denver; Paul B. Hodges, City Clerk of the City of Denver; Francis W. Draney, individually and as Chief Building Inspector of The City of Denver; Arthur S. Brodhead, Manager of Revenue of the City of Denver; Harry F. Tarvin, individually and as Publication Officer of the City of Denver; Thomas Currigan, Auditor of the City of Denver; and Duke W. Dunbar, as Attorney General of the State of Colorado, Appellees.

No. 5673.

United States Court of Appeals Tenth Circuit.

Jan. 9, 1958.

Rehearing Denied Feb. 5, 1958.

George K. Thomas, Denver, Colo., for appellant.

Brian H. Goral, Asst. City Atty. for City and County of Denver, Denver, Colo. (John C. Banks, City Atty., on the brief), for appellees.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from a summary judgment entered in favor of the defendants by the United States District Court of Colorado upon the ground that the issues involved had been previously adjudicated in the Courts of the State of Colorado.

The plaintiff Heron, who was not a licensed architect, instituted this action alleging that he was a registered professional engineer, licensed to practice engineering in Colorado; that Section 301, Ordinance No. 32, Series of 1952, City and County of Denver, Colorado,[1] which

---

1. Section 301, (The Building Code) provides in part:

"(a) Permits Required; * * * No person * * * shall erect, construct * * * or do any other work, or cause the same to be done, without first having obtained a separate permit for the specific work to be done * * *."

"(b) Application. To obtain a permit the applicant shall first file his application therefor in writing on a form furnished by the Building Department * * *."

"(c) Plans and Specifications. Each application for a permit shall be accompanied by two sets of plans and specifications which have previously been approved by the Chief Building Inspector, and which have the Department stamp of approval on the first page thereof. * * *"

"(e) Plans and Specifications—Responsibility for Design and Supervision of

provided that only architects licensed by the State of Colorado could prepare and submit plans and specifications for public and semi-public structures and buildings, unlawfully limited his practice as a licensed engineer, and therefore was unconstitutional and void. He asked the court to grant an injunction enjoining the defendants from distributing a pamphlet which contained the ordinance, and to declare the ordinance unconstitutional. One of the defenses pleaded in the defendants' answer was that the subject matter of the action had been previously litigated in the Colorado State Courts and, therefore, the doctrine of res judicata was applicable.

In 1953 the plaintiff brought an action in the District Court for the City and County of Denver, Colorado against some of the same defendants,[2] or their legal predecessors in office. Therein he alleged that Denver's Chief Building Inspector refused to approve a set of plans which he prepared and submitted because they were for a public or semi-public building, and must bear the seal of a licensed architect as required by the aforementioned ordinance; that the provisions of the Denver Building Code requiring the seal and signature of licensed architects "are arbitrary and constitute an unlawful interference" with his practice of professional engineering; that the action of the Inspector in refusing to issue the building permit and approve the plans was arbitrary, capricious, wrongful and unlawful; and that the refusal to give approval was causing a damaging delay, for which he had no adequate remedy. He prayed for judgment requiring the Chief Building Inspector to approve the plans. The Colorado trial court defined the issue before it as follows:

"The sole issue to be here determined is whether or not the refusal of the defendant McCormack, as Chief Building Inspector of the City and County of Denver, Colorado, to place his signature and the seal of his department (by reason of the ordinance) upon the plans and specifications submitted to him by the plaintiff as a registered professional engineer under the laws of the State of Colorado, is arbitrary, capricious, unreasonable, or unlawful."

The court concluded that the action of the City Building Inspector was not arbitrary, unreasonable and discriminatory because "The ordinance in question was passed in the exercise of the police power of the council to protect the inhabitants of the largest city in the state, where people are massed together in apartments, duplexes, rest homes, housing projects, small homes, and living quarters of every kind and description, and many buildings of a public and semi-public character are located and contemplated." The trial court also held that Heron's contention that the Colorado Engineer's Licensing Act[3] gave him the right to practice architecture was "without reason". The relief prayed for was denied. The judgment was affirmed on appeal to the Supreme Court of Colorado. Heron v. City of Denver, 131 Colo. 501, 283 P.2d 647. Shortly thereafter Heron brought this action, in which substantially the same relief is sought. Heron contends that the Federal District Court erred in sustaining the motion for summary judgment on the ground of res judicata, because there was no identity of subject matter or issues between the previous litigation and the instant case which would permit the application of:

Construction. Only an architect licensed by the State of Colorado may prepare and submit plans and specifications for a building or structure of a public or semi-public nature or for any other building or structure exceeding one story or 20 feet in height * * *.

"Plans and specifications where required by this code to have been pre-

pared by an architect or engineer, shall bear the seal and signature of the licensed architect or professional engineer responsible for their preparation. * * * "

2. We do not consider it material that the plaintiff has added additional city officials as defendants in the instant action.

3. Colo.Stat.Ann. 51–1–1 to 51–1–23.

the doctrine. He says that the validity of the Building Code was never passed upon or questioned in the Colorado courts; that there he sought relief only under Rule 106, Colorado Rules of Civil Procedure; and that as he was permitted to remove all questions of the constitutionality of the ordinance,[4] the jurisdiction of the state court was limited to a determination of whether the Building Inspector exceeded his jurisdiction, abused his discretion, or irregularly pursued his authority.[5]

We do not agree with Heron's contentions that the validity of the ordinance was not before the Colorado courts or that their jurisdiction was limited as he suggests. As it relates to the requirement that plans and specifications bear the seal and signature of a licensed architect, the Denver Building Code does not give the City Building Inspector discretion in issuing building permits. It specifically provides that only an architect licensed in Colorado may prepare and submit plans and specifications for certain public and semi-public buildings, and that these must bear the seal and signature of a licensed architect. If Heron's plans and specifications did not bear the seal and signature of a properly licensed architect, the Inspector was powerless to act. Consequently, the only question before the Colorado Courts was the validity of this ordinance, and Heron could obtain relief only if the ordinance were held to be invalid. His allegations were adequate for this purpose, and that was the issue upon which the case was tried and decided. Rule 106(a) (4) was not applicable.

The Colorado District Court held that the enactment of the Denver Building Code was a valid exercise of the City's police power. In affirming the District Court, the Supreme Court of Colorado said [131 Colo. 501, 283 P.2d 649]:

"That the provisions of the Denver Building Code here involved are a reasonable exercise of the city's police power is beyond question. If the ordinance, in the wisdom of the city council, was necessary for the protection of the inhabitants of the city and of such of its people as might live in or congregate in public or semi-public buildings, then courts must give approval to such action. The charter provision of the city hereinabove quoted was a general grant of power, and when the council determined that 'only' an architect licensed by the State of Colorado may prepare and submit plans and specifications for a building or structure of public or semi-public nature, it acted well within the grant of power. The reason for this on the part of the council clearly appears on the face of the ordinance, which speaks for itself, and discloses the purpose when this requirement is confined to public and semi-public buildings. Could it be made more

---

4. The cause of action referred to was dismissed with prejudice, and no appeal was taken. It thereby became final.

5. Rule 106, Colorado Rules of Civil Procedure, abolishes all special writs such as habeas corpus, mandamus, quo warranto, certiorari, probation, etc. It provides for similar relief by appropriate action or motion. Rule 106(a) (4) provides for relief:
"Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy. Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed. If the complaint is supported by an affidavit the order to show cause may be issued, or the court may forthwith order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and proceedings, or such portion thereof as the court may direct. If a stay of proceedings is granted the citation or order shall so state. Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion."

plain that it was solely for the protection of the health and safety of the people who might make use of the buildings? This discloses a reasonable and rational relationship to the objects of the police power intended to be achieved, and according to the rule accepted long ago, courts will not interfere with the exercise of municipal power by enjoining any reasonable regulations in the interest of public safety, and particularly where there is no interference with private rights. Our only concern in the consideration of such an ordinance is to see that it does not transcend the bounds of reason. If the question of whether or not the ordinance here in question is class legislation is at all debatable, the legislative judgment of the city council must control."

In Brinkley v. Hassig, 83 F.2d 351, 354, this court said that "The power of the state to protect its citizens against imposition by those purporting to practice the learned professions has been sustained without dissent for many generations."

Although pleaded differently, the ultimate issue is the same in this case as it was in the State Court. The facts alleged in the complaint establish the same cause of action as that decided by the State Court. Regardless of how it might be pleaded, the cause of action in each case grew out of an ordinance which allegedly curtailed Heron's profession. The restrictions of the ordinance were the sole wrong complained of, and were necessarily involved in the State Court. The same is true of the complaint filed here. The judgment of the Colorado Courts was a final determination that the enactment of the ordinance was a valid exercise of Denver's police power, therefore Heron is barred from relitigating the same issue. Hudson v. Lewis, 5 Cir.,

188 F.2d 679. See also Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Vinson v. Graham, 10 Cir., 44 F.2d 772, certiorari denied 283 U.S. 819, 51 S.Ct. 344, 75 L.Ed. 1435. In Henderson v. United States Radiator Corp., 78 F.2d 674, 675, this court said:

"The doctrine of res judicata embodies two main rules which may be stated as follows:

"(1) The final judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation, and constitutes a bar to a new action or suit upon the same cause of action either before the same or any other tribunal.

"(2) Any right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not.

"The principle of the first rule is referred to as 'bar by former judgment,' and the second as 'conclusiveness of judgment.' * * *"
(Footnotes omitted.)

See also Grubb v. Public Utilities Commission, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Viles v. Prudential Ins. Co. of America, 10 Cir., 124 F.2d 78, certiorari denied 315 U.S. 816, 62 S.Ct. 906, 86 L.Ed. 1214, rehearing denied 316 U.S. 708, 62 S.Ct. 1032, 86 L.Ed. 1775; Newby v. Bock, 120 Colo. 454, 210 P.2d 985; Heiselt v. Brown, 117 Colo. 48, 184 P.2d 297.

Affirmed.