No. 18,510.

GLEN E. SHEELEY *v.* BOARD OF COUNTY COMMISSIONERS
OF COSTILLA COUNTY.
(325 P. [2d] 275)

Decided May 12, 1958.

Mr. WHITFORD W. MYERS, Mr. MERLE M. MARSHALL, for
plaintiff in error.

Mr. D. O. TIPTON, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFF in error Sheeley filed an action in the District Court under Rule 106 (a) (2) R.C.P. seeking relief in the nature of mandamus to compel the Board of County Commissioners of Costilla County to issue him a Restaurant Liquor License based upon his application theretofore made, and denied by the Board. The Board filed its answer denying that Sheeley was entitled to relief. The District Court at the trial, upon finding that there was no record of proceedings before the Board, ordered Sheeley to republish his notice and the Board to then hold a regular hearing with a reporter present so that Sheeley, if aggrieved, would be able to procure a record for review by the court.

Sheeley objected to the procedure ordered by the trial court and is here by writ of error asserting that this being an action in mandamus and not of review, he is entitled to the relief sought because he was denied the right to present his evidence below to both the Board and the trial court, and having been denied that right, is entitled to a summary judgment directing the license to issue forthwith.

It appears from the pleadings in the record before us that the published notice was first admitted in evidence by stipulation of counsel at the trial; that the Board there took the position, according to its counsel, that "* * * the Commissioners had the right to act on the deal and refuse the application" and "I don't think they had to state any reason." Later, when Sheeley desired to call his witnesses, counsel for the Board objected to the introduction of the notice as immaterial, incompetent and improper. The trial court did not rule on the objection — it did however proceed to make the order objected

to. We thus have a record comprising only the pleadings and one exhibit — the notice.

It appears that at the time and place set forth in his notice of appplication for the license Sheeley appeared; that no petitions or remonstrances had been filed, and no one appeared except the petitioner. It further appears that the Board did not conduct a hearing, Sheeley being advised by one of the Commissioners that his application had been denied. Thereafter Sheeley requested the Board to give their reasons for the denial, but this it has failed and refused to do.

Clearly the action, or rather inaction, of the Board in failing to hold a hearing and in refusing to give reasons for denial of the license was improper. See *Van De Vegt v. Commissioners,* 98 Colo. 161, 55 P. (2d) 703. An applicant is entitled to a hearing on such application and if refused, to be advised of the reasons therefor. Under Rule 106 (a) (2) when a board or person charged with performing an official duty fails or refuses to act, mandamus will lie to compel performance. In the instant case the Board did act, for it denied the license, hence mandamus is not appropriate. It thus appears that the proper remedy for petitioner would have been under Rule 106 (a) (4) R.C.P. Colo., in the nature of certiorari, for a rule to show cause with the record to be certified for review by the trial court.

This case is similar in many ways to one recently before this court where it was held that where the hearing had been held but no record made by the Board, no judicial determination could be made as to whether the denial of the application itself was arbitrary and capricious, and that the courts should not in such a case order the Board to issue the license but should remand the matter to the Board for a hearing, the taking and recording of evidence and the making of specific findings of fact. *Board v. Salardino* (1957) 136 Colo. 421, 318 P. (2d) 596. In the Salardino case we

held that one cannot secure a liquor license by default and we now reaffirm that principle.

Since the purpose of the notice required by the statute (C.R.S. '53, 75-2-10) is to afford all interested persons the opportunity to appear and be heard it obviously would defeat this necessary step if the trial court here had ordered a hearing without a new notice.

The judgment of the trial court directing a proper hearing, after a new notice, is affirmed.

MR. JUSTICE MOORE not participating.