Daniel G. Albert, J.
This is an article 78 proceeding wherein petitioner seeks an order of this court annulling the determination of the respondent, a Building Inspector of the City of Glen Cove, wherein the latter refused to issue a building permit to the petitioner, and requests an order directing the said respondent to issue the permit.
Petitioner’s application for a building permit seeks the right to erect a one-family dwelling at the southeast corner of Robinson Avenue and Colonial Gate in the City of Glen Gove. The reason given by the respondent for denying the issuance of the permit was that: ‘ ‘ The City Counsel is contemplating acquisition of the subject property for the purpose of widening Robinson Avenue at this point.”
By cross motion argued and submitted simultaneously in the same proceeding, the respondent moves for an order dismissing the petition as a matter of law on the ground that the same is insufficient in law. The basis of respondent’s petition is grounded on the premise that under section 1285 of the Civil Practice Act the petitioner has not exhausted every avenue of review open to it as a condition precedent to the bringing of its petition before this court. The respondent argues that the action of the Building Inspector in this instance could have been reviewed by the Board of Zoning Appeals of the City of Glen Cove, and hence that the bringing of this proceeding is premature and cannot be considered.
*397 The respondent has filed no answer to the petitioner’s petition nor has it submitted any affidavit in opposition to the article 78 proceeding, preferring to stand on its position that the petition is dismis sable as a matter of law. The respondent offers nothing more in opposition, raising no objection to the form or substance of the application itself.
Allegation “eighth” in the petitioner’s petition alleges: “ That the denial of the petitioner’s application for a building permit on the subject premises is wholly arbitrary, capricious and contrary to the Laws of the State of New York, and is a denial of the constitutional rights of the petitioner pursuant to the Constitution of the United States of America and the Constitution of the State of New York.”
The court seriously questions the contention of the respondent that the refusal on the part of the Building Inspector of the City of Grlen Cove to issue a building permit on the sole ground alleged in his communication denying the petitioner’s application, as coming within the category of applications which are reviewable by a Zoning Board of Appeals, since there is no question of a city ordinance or zoning variance involved in the circumstances presented to the court in this instance. As already indicated, the petitioner raises the question of the violation of its constitutional right to obtain a building permit, absent any issue of zoning violations or variances. It has already been held by the Appellate Division in this Department that a local Board of Appeals has no power to hear or determine questions of constitutionality (Cherry v. Brumbaugh, 255 App. Div. 880). The identical question involved in this proceeding has also been determined by a decision of Mr. Justice Hogan of this court in Matter of Lido Links Homes v. Young (13 Misc 2d 157, 158) wherein Justice Hogan held in substance that a mere indication that property is about to be condemned is no justification for refusing the issuance of a building permit, and that if a duly authorized governmental body, “wishes to acquire this property, it should move promptly for an order condemning it, and thus minimize the damage to the petitioner. It cannot, by a mere statement of intent, which binds no one, compel an owner to maintain his property in an unproductive state for an indefinite period, in the manner here proposed.” See, also, decision of Mr. Justice Stoodart in Matter of Aster Agency v. Miller (13 Misc 2d 946); also Matter of Corrado v. Wolf (37 Misc 2d 89).
Under all the circumstances as indicated by the moving papers on this petition, the court is of the opinion that the denial by the respondent of the issuance of a building permit to the peti *398 tioner was unreasonable and arbitrary and is in violation of substantial rights of the petitioner. The petition is accordingly granted and the respondent is directed to issue the permit as originally applied for.