No. 20594.

CLAYTON POTTER, ET AL., *v.* BYRON A. ANDERSON,
ETC., ET AL.
(392 P.2d 650)

Decided May 18, 1964.    Rehearing denied June 22, 1964.

Mr. WALTER F. SCHERER, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Messrs. ZARLENGO, ZARLENGO & SEAVY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

PLAINTIFFS in error were petitioners in the trial court and will be referred to as such. Defendant in error was originally George J. Baker, who at the time the action was commenced was Secretary of State, for whom Byron A. Anderson, the present holder of the office, has been substituted.

Petitioners sought a court order in the nature of mandamus compelling the Secretary of State, as state liquor licensing authority, to show cause why he should not hold a public hearing and afford them an opportunity to appear and present evidence in connection with their demand for *revocation* of the liquor license issued to Leonard Louis Napolitan. In their petition they allege that the Board of County Commissioners of Adams County ordered the issuance of the license and that the Secretary of State concurred therein, and that the license

was issued to Napolitan. They alleged that the action of the Secretary of State was illegal and void "in that defendant [referring to Secretary of State Baker] did not before granting said license visit and inspect the plant or property in which the applicant proposed to conduct his business; nor did he investigate the fitness of the applicant to conduct his business; nor did he consider the reasonable requirements of the neighborhood and the desires of the inhabitants thereof as evidenced by petitions, remonstrances or otherwise."

They further allege that they requested the opportunity of a public hearing before defendant "to present evidence by petitions, remonstrances or otherwise, that the reasonable needs of the neighborhood * * * were already served in that a license of the same kind and character * * * was already in existence and operating * * * immediately adjoining the premises sought to be licensed by Napolitan."

By motion the Attorney General, appearing for the Secretary of State, moved to dismiss the complaint, and after argument the court granted the motion. It is to the judgment of dismissal that this writ of error is directed.

We hold that the trial court was correct. In its ruling the court said:

"The great weight of authority is that before a writ of mandamus may be issued requiring the doing of some act by a public officer, the law must clearly require the act to be done. The statutes providing for the procedures that must be followed by the Secretary of State prior to the issuance of a liquor license do not require a hearing, and further, no hearing after issuance is in any manner provided for in the statutes."

This conclusion of the court is supported by *Ellis v. Moses*, 76 Colo. 214, 230 Pac. 802. Mandamus is an extraordinary remedy. It may be used to compel the performance by a public officer of a plain legal duty devolving upon him by virtue of his office or which the

law enjoins as a duty resulting from the office. It will not issue to coerce an official to perform acts which it is not his official duty to perform. The writ will not issue in doubtful cases, but only where the duty sought to be enforced *is clear* and where *no other specific and adequate mode* of relief is available to the complaining party. 34 Am. Jur. (Mandamus) § 32, § 142.

The pertinent liquor statutes are C.R.S. '53, 75-2-7, 8 and 9. They may be summarized as requiring the Secretary of State or *his inspector to visit* and inspect the subject premises, to investigate the fitness of the applicant or its officers to conduct the business, and to consider the reasonable requirements of the neighborhood and the desires of the inhabitants, as evidenced by petitions, remonstrances or otherwise. It is nowhere provided that the Secretary of State must conduct a public hearing. There is nothing in the law that makes it illegal for the Secretary of State to use the investigation reports and hearing record of the local licensing authority which by law *must conduct a hearing.* The action of the Secretary of State follows receipt by him of a report from the local authority. In his response to an order of the trial court to certify his records concerning the applicant, the Secretary of State included therein the "Report and Approval of Local Licensing Authority" which recites as follows:

"The foregoing application has been examined and the premises investigated and we do report that the proposed premises will be used for the sale of * * * liquor in sealed containers for consumption off the premises and *complies with the provisions of Ch. 75, art. 2, C.R.S. 1953, relating to the Retail Liquor Store License, and do further state that the character of the applicant is satisfactory and that such license, if granted, will meet the reasonable requirements of the neighborhood.*

"*We do further state that the provisions of Ch. 75-2-10 (regarding the posting or advertising of the premises) have been complied with.*" (Emphasis supplied.)

It is conceded in the opening brief of the petitioner "that the liquor code does not spell out the fact that defendant Baker must hold a hearing under the circumstances of this case." Petitioners then state they rely on the Administrative Code, C.R.S. '53, 3-16-4, vol. 8, Perm. Cum. Supp., which reads:

"Hearings. — (1) In order to assure that all parties to any agency proceeding shall be accorded due process of law the provisions of this section shall be applicable.

"(2) In any such proceeding in which an opportunity for agency hearing is *required* under the constitution or by this *or any other statute, the parties shall be entitled to a hearing and decision in conformity herewith.*" (Emphasis supplied.)

The hearing required by the statute is to be held by the local licensing authority (C.R.S. '53, 75-2-10) and is the only provision on this subject.

Mandamus will not lie where there is other adequate relief available to the parties. There is opportunity for review of the action of the local licensing authority by certiorari. R.C.P. 106 (a) (4). Stay of execution of the issuing of the license may be obtained pending review in the district court of the action of the County Commissioners. That remedy was not sought in this case, and the license issued.

The judgment is affirmed.

Mr. Chief Justice McWilliams and Mr. Justice Pringle concur.