## No. 21672.

CLIFFORD ASPGREN, LEO CHAVEZ, JAMES EITEMILLER, LOUISE KANGEISER, ELIZABETH KILLIAN, BETTY BRYANS LUXFORD, CAROL LEE MAXEY, DIXIE A. MORREALE, MARIE NESBIT, SHIRLEY PORTELLA, SHIRLEY RIGG, AND LENA M. SUTLEY *v.* CY BURRESS, JR., WILLIAM WELSH, JR., AND RICHARD BATTERTON, AS COMMISSIONERS OF THE COLORADO CIVIL SERVICE COMMISSION IN AND FOR THE STATE OF COLORADO.

(417 P.2d 782)

Decided August 2, 1966.     Rehearing denied September 19, 1966.

WINNER, BERGE, MARTIN and CAMFIELD, ALFRED L. CAPRA, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the court.

WE will refer to the plaintiffs in error as petitioners, in which capacity they appeared in the trial court. The

304

issue in this case is whether they, as employees in the superior court at the time of their action in the trial court, were covered by the Civil Service Amendment to the constitution.

A petition in the nature of mandamus was filed in the Denver district court alleging that petitioners were employees in various capacities in the superior court in the City and County of Denver; that they had made formal application to the respondent Civil Service Commission to be classified under civil service of the state of Colorado and that their application was denied. They prayed for an order to show cause why the petitioners should not be classified as civil service employees in their respective appointments in the office of the superior court.

Accompanying its response to the order to show cause, the Civil Service Commission filed a motion to dismiss the complaint on the ground that the petition had failed to state a claim upon which relief could be granted. The trial court sustained the motion and entered judgment against the petitioners. It is to this adverse judgment that the writ of error is directed.

On the question as to whether employees of the courts of this state are blanketed under the provisions of Article XII, section 13 of the state constitution, this court has held that they are not. *People ex rel. Fisher v. Luxford,* 71 Colo. 442, 207 Pac. 477; *People ex rel. Riordan v. Hersey,* 69 Colo. 492, 196 Pac. 180; *People v. Morley,* 67 Colo. 331, 184 Pac. 386. We are asked in this writ of error to overrule these cases with the argument that the opinions were not grounded on sound interpretation of the constitution.

We neither treat the matter of whether these former opinions should be followed nor the merits of petitioners' writ, for the reason that the trial court was correct in dismissing the petition on the basis that the petition failed to allege matters on which the relief sought could be obtained.

■■ The right to mandamus government officials, a category encompassing civil service commissioners, requires a showing of positive right to compel the particular action sought to be commanded. In this regard the official, or officials, must have a clear legal duty to act. *Getty v. Witter,* 107 Colo. 302, 111 P.2d 636. Where there are conditions precedent to a right to have a certain act performed, it is essential that such conditions precedent be extant. *People ex rel. Harper v. Ingles,* 106 Colo. 213, 103 P.2d 475; *Civil Service Com. v. People,* 88 Colo. 319, 295 P.2d 920.

■ In the action before this court petitioners seek, as was noted in the prayer of their complaint, to be classified as civil service employees as provided in Article XII, section 13, of the state constitution. However, a pertinent portion of that article reads:

"Appointments and employments in and promotions to offices and places of trust and employment in the classified civil service of the state shall be made according to merit and fitness, to be ascertained by *competitive tests of competence,* the person ascertained to be the most fit and of the highest excellence to be first appointed. * * *" (Emphasis supplied.)

The implementing act, C.R.S. 1963, 26-5-1 to 32, also requires that the original appointment for vacancies shall be based on merit as determined on competitive examination and that such examination shall be held when candidates are available, and the need for services are required. Further, that candidates meeting the established standards for a class will be placed on an eligibility list in the order of their scores on the examination.

Among the conditions precedent to the bringing of such suit — prerequisites not asserted in the petition — are the following: that the various petitioners had been examined and were on an eligibility list, and that they were entitled to appointment therefrom by reason of their skills and abilities as determined in competitive examinations. At no time did the petitioners seek to

require the Commission to hold examinations for placement in the positions they held.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON not participating.