**Hans R. GRAMIGER, Plaintiff-Appellee,**

v.

**Alfred J. CROWLEY, Building Inspector for the County of Pitkin, The Board of County Commissioners of the County of Pitkin County, Michael J. Kinsley, as Chairman thereof, Joseph E. Edwards, Jr., a member thereof, Robert Child, a member thereof, Dwight K. Shellman, Jr., individually and Joseph E. Edwards, Jr., individually, Defendants-Appellants.**

No. 78–882.

Colorado Court of Appeals,
Div. I.

June 25, 1981.

Rehearing Denied Aug. 27, 1981.

Certiorari Granted Dec. 21, 1981.

Kerwin & Elliott, Thomas J. Kerwin, Jane Anne Murphy, Denver, for plaintiff-appellee.

Oates, Austin, McGrath & Jordan, J. Nicholas McGrath, Jr., Robert W. Hughes, Sandra M. Stuller, Pitkin County Atty., Aspen, for defendants-appellants.

STERNBERG, Judge.

Hans R. Gramiger, the plaintiff, submitted to the Pitkin County Building Inspector an application for a permit for grading and excavation of a site in preparation for construction of a supper club and restaurant atop Shadow Mountain near Aspen. The site had some distinctive features: sole access to the mountain-top was to be by way of a specially constructed tramway which terminated in an established, primarily residential, neighborhood; rock had to be removed to determine how the structure would be anchored in bedrock; and it was adjacent to a steep, potentially unstable slope. The building inspector advised Gramiger that review by the state geologist would be necessary. Gramiger filed reports and letters which served to answer these questions.

Seven days after the original application had been submitted, the building inspector told Gramiger that the application was complete, but that official referred the application to the Board of County Commissioners for review at their regularly scheduled meeting some three days later.

However, on that same day, Gramiger filed a C.R.C.P. 106(a)(2) action, *pro se*, seeking a writ in the nature of mandamus to compel the building inspector to issue the permit. Thereafter, with Gramiger represented by counsel, a trial took place on the mandamus claim following which the trial court entered judgment granting the relief sought. From this judgment, the defendants appeal. We conclude that, because Gramiger failed to exhaust administrative remedies prior to seeking relief under C.R.C.P. 106, the district court lacked jurisdiction. Accordingly, we reverse.

We perceive Gramiger's theory to be that because his property was zoned to permit restaurant use, and because the excavation plans and specifications conformed with all

lawful requirements, the building inspector's sole ministerial duty was to issue the permit, and, there being no other available form of relief, when the building inspector refused to issue or deny the permit pending review of the matter by the Pitkin County Board of Commissioners, recourse to the courts was proper. We do not agree.

■ An action in the nature of mandamus will lie to compel the issuance of a building permit withheld for any improper purpose; however, judicial relief of this nature may be sought only after available and effective administrative remedies have been exhausted. 4 *R. Anderson, American Law of Zoning* §§ 26.05 and 26.10 (2d ed. 1977); see *Baum v. Denver*, 147 Colo. 104, 363 P.2d 688 (1961).

Here, the building inspector was proceeding in accordance with the Pitkin County Zoning Code § 9.3 in referring the application for the building permit to the Board of County Commissioners. We note that Gramiger does not attack the constitutionality of this provision of the zoning code. Gramiger was premature in seeking judicial relief before the Board of County Commissioners had acted.

■ We note also that Gramiger filed his lawsuit only seven days after submitting his original application for a building permit; that this was a unique type of structure; and that there is no indication in the record that consideration of the matter by the Board of County Commissioners would have caused undue delay, their meeting being scheduled for three days after the referral was made by the building inspector.

As stated in *Heron v. Denver*, 131 Colo. 501, 283 P.2d 647 (1955):

"Where administrative remedies are provided, this policy of orderly procedure should be followed, particularly when the matter of which complaint is made, or by which the party is aggrieved, is such as is within the province of the administrative authority to correct. Unless the administrative remedies are exhausted it never can be known but what a correction would ensue if the authorities were given full opportunity to pass upon the matter."

Also, contrary to Gramiger's contention, there was a further course of administrative relief available. Section 30–28–118(1), C.R.S.1973, the statute then in existence, granted to the Pitkin County Board of Adjustment broad authority over appeals:

"Appeals to the board of adjustment may be taken by any person aggrieved by his *inability to obtain a building permit* or by the decision of any administrative officer or agency based upon or made in the course of the administration or enforcement of the provisions of the zoning resolution." (emphasis supplied)

Pursuant to that statutory authority, the Pitkin County Zoning Code § 11.1 vests jurisdiction in the Board of Adjustment:

"To hear and decide appeals from, and review any order, requirement, decision, or determination made by the administrative official charged with enforcement of the regulations established by this resolution."

Thus, had the permit been denied, an appeal to the Board of Adjustment would have been appropriate. And, the period of time that had elapsed in this case between filing of the application for permit and seeking judicial relief—seven days—is hardly sufficient to have served as a basis for seeking judicial intervention on a theory that there was inaction of an unjustified duration. Cf. *Los Angeles County Employees Ass'n v. County of Los Angeles*, 33 Cal.App.3d 1, 108 Cal.Rptr. 625 (1973).

The judgment is reversed and the cause is remanded to the district court with directions to dismiss the petition.

COYTE and BERMAN, JJ., concur.