Hans R. GRAMIGER, Plaintiff-Appellee,

v.

Alfred J. CROWLEY, Building Inspector for the County of Pitkin County, The Board of County Commissioners of the County of Pitkin County, Michael J. Kinsley, as Chairman thereof, Robert Child, a member thereof, Dwight K. Shellman, Jr., individually and Joseph E. Edwards, Jr., individually, Defendants-Appellants.

No. 81SC318.

Supreme Court of Colorado, En Banc.

March 28, 1983.

---

Kerwin & Elliott, Thomas J. Kerwin, Jane Anne Murphy, Denver, for plaintiff-appellee.

Wesley Light, Aspen, for defendants-appellants.

NEIGHBORS, Justice.

The petitioner filed suit requesting a writ of mandamus from the District Court in Pitkin County. The relief was granted by the trial court. The court of appeals reversed, concluding that because the petitioner had failed to exhaust his administrative remedies before seeking relief under C.R.C.P. 106(a)(2), the district court lacked jurisdiction. *Gramiger v. Crowley,* 638 P.2d 797 (Colo.App.1981). We granted certiorari to review the court of appeals' decision. We reverse and remand the case with directions.

On February 23, 1973, the petitioner submitted an application for an excavation and grading permit[1] to the Pitkin County Building Inspector (building inspector). The permit was required to enable the petitioner to perform exploratory work in preparation for the construction of a proposed supper club and restaurant atop Shadow Mountain near Aspen. The building inspector advised the petitioner that the state geologist would be required to review the permit application. The petitioner then obtained and filed reports and letters with the building inspector which were satisfactory to the inspector.

One week after the application had been submitted, the building inspector told the

---

1. The question of whether the application was for an excavation and grading permit or a building permit has been a continual source of dispute between the parties during the ten years of litigation in this case. The parties have vacillated in their respective positions, depending on which characterization would be of more benefit at a given point in time. The printed form used by the petitioner was suggested by the building inspector. The form is an application for a building permit. However, the supporting documents are those required by Chapter 70 of the Uniform Building Code (1970). Both parties originally treated the application as being for an excavation and grading permit. Implicit in the jury's verdict that the petitioner is entitled to an excavation and grading permit is the finding that the application submitted by the petitioner was for such a permit.

petitioner that the application was complete. However, the inspector neither granted nor denied the application. Instead, he referred the matter to the Board of County Commissioners for Pitkin County for consideration by them at their regularly scheduled meeting three days later. The building inspector told the petitioner that "if it was up to him, he would give me the permit, but it wasn't up to him, it was up to the commissioners."

The petitioner, acting *pro se,* immediately filed suit pursuant to C.R.C.P. 106(a)(2) seeking a writ of mandamus to compel the building inspector to issue the permit. The case was ultimately tried to a jury which rendered a verdict for the petitioner.

The court of appeals, *sua sponte,* raised the issue of exhaustion of administrative remedies during oral arguments. The parties were directed to file supplemental briefs addressed to that issue. The court of appeals held that the petitioner had failed to exhaust his administrative remedies and had prematurely filed suit for mandamus. The court of appeals directed the district court to dismiss the petitioner's amended complaint.

## I.

■ There is a three part test which must be satisfied by a plaintiff before mandamus will be issued by the court. One, the plaintiff must have a clear right to the relief sought. *Aspgren v. Burress,* 160 Colo. 302, 417 P.2d 782 (1966). Two, the defendant must have a clear duty to perform the act requested. *Ahern v. Baker,* 148 Colo. 408, 366 P.2d 366 (1961). Three, there must be no other available remedy. *Potter v. Anderson,* 155 Colo. 25, 392 P.2d 650 (1964); *Sheeley v. Board of County Commissioners,* 137 Colo. 350, 325 P.2d 275 (1958); *Heron v. Denver,* 131 Colo. 501, 283 P.2d 647 (1955). Our focus in this case is narrowly limited to the third element. Clearly, mandamus will not issue until all forms of alternative relief have been exhausted. *United States ex rel. Girard Trust Co. v. Helvering,* 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272 (1937); *Holmes v. United*

*States Board of Parole,* 541 F.2d 1243 (7th Cir.1976).

■ Failure to exhaust administrative remedies is generally jurisdictional. If an applicant for judicial intervention has not exhausted his or her administrative remedies, the courts lack jurisdiction to grant relief. *Moschetti v. Liquor Licensing Authority of City of Boulder,* 176 Colo. 281, 490 P.2d 299 (1971); *Hansen v. Keim,* 650 P.2d 1313 (Colo.App.1982). However, there are two important exceptions to this general rule which are dispositive of this case. First, the exhaustion doctrine has no application where the administrative agency does not have the authority to pass on every question raised by the party who has resorted to judicial relief. 2 *Am.Jur.2d Admin.Law* § 597 (1962). Second, an exception to the exhaustion doctrine is recognized where there is grave doubt that the administrative agency has the authority to pass on the question raised by the party seeking judicial action. *Allen v. Grand Central Aircraft Co.,* 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933 (1954); *Jorgensen v. Pennsylvania Railroad Co.,* 25 N.J. 541, 138 A.2d 24 (1958).

### A.

■ In its decision, the court of appeals states that "the building inspector was proceeding in accordance with the Pitkin County Zoning Code § 9.3 in referring the application for the building permit to the Board of County Commissioners." *Gramiger v. Crowley,* 638 P.2d at 799. This conclusion is erroneous for two reasons. First, the petitioner's application was not for a building permit, but rather for excavation and grading at the site of the proposed restaurant. Second, at the board's meeting on March 19, 1973, when it directed the building inspector to reject the application, Commissioner Edwards withdrew his earlier motion that the board consider the application for the permit pursuant to the provisions of section 9.3.

Section 9.3 of the Pitkin County Zoning Code has no application to the facts of this

case.[2] Section 9.3 authorizes the board of county commissioners to review only *building and sign permits*. The record is silent as to any provisions of law authorizing the commissioners to pass upon excavation and grading permits.

### B.

The court of appeals next suggests that the petitioner could have obtained administrative relief from the Pitkin County Board of Adjustment. The General Assembly has authorized the creation of boards of adjustment. Section 30–28–118(1), C.R.S.1973, the statute then in effect, granted to the Pitkin County Board of Adjustment the following authority:

> "Appeals to the board of adjustment may be taken by any person aggrieved by his inability to obtain a building permit or by the decision of any administrative officer or agency based upon or made in the course of the administration or enforcement of the provisions of the zoning resolution."

The enabling statute limits the authority of the board of adjustment to questions involving building permits and decisions made by officials in the course of administering or enforcing the zoning resolution. The statute is silent on the issue of excavation and grading permits.

█ Section 11.1 of the Pitkin County Zoning Code establishes the powers and duties of the board of adjustment. The code provides in pertinent part:

### "11.1 POWERS & DUTIES

"The Board of Adjustment shall have the following powers and duties, all of which shall be exercised subject to the laws of the State of Colorado and subject to appropriate conditions and safeguards, in harmony with the purpose and intent of this resolution and in accordance with the public interest and the most appropriate development of the area.

"1. To hear and decide appeals from, and review any order, requirement, decision or determination made by an administrative official charged with enforcement of the regulations established by this resolution."

Section 11.1 likewise limits the authority of the board of adjustment to questions involving decisions made in the course of the administration or enforcement of the zoning resolution. The Pitkin County Zoning Code does not contain any provisions governing applications for excavation and grading permits. Rather, that authority is found only in Chapter 70 of the Uniform Building Code (1970).

### C.

█ We conclude that the court of appeals erroneously decided that the trial court lacked jurisdiction because the petitioner failed to exhaust his administrative remedies. First, there were no administrative remedies available to the petitioner under the Pitkin County Zoning Code or the Colorado statutes. Second, there is grave

---

2. Section 9.3 states in its entirety:
   "9.3 BUILDING REVIEW
   "With the purpose of conserving the value of buildings and encouraging the most appropriate use of land throughout the County of Pitkin, the Board of County Commissioners may review all building and sign permits where the character of the proposed construction might be so at variance with the established exterior architectural appeal and functional plan of the structures already located in the area as to depreciate the value of such established buildings. The Board of County Commissioners must restrict its review in each case to the effect of the proposed construction on the health, safety, morals, and general welfare of the County of Pitkin, keeping particularly in mind the unique characteristics of existing structures which have established special land values and prosperity for the entire region.
   "After receiving exterior elevations of the proposed structure, viewing the site on which such construction is proposed to be placed, and notifying the applicant of the time and place of a hearing on such subject, the Board of County Commissioners may either approve, disapprove, or approve subject to certain conditions, any application which may require such building review. For each case, the Board of County Commissioners may obtain testimony from local architects or other qualified personnel on the possible effect of the proposed construction on established land values."

doubt that either of the administrative agencies suggested by the court of appeals had the authority to grant relief to the petitioner for the building inspector's refusal to grant the requested permit.[3] This conclusion is supported by the respondents' abandonment of their motion for summary judgment on the exhaustion issue, their failure to preserve the alleged error in their motion for a new trial, and their failure to raise the exhaustion doctrine in the original briefs filed with the court of appeals.

In summary, the issues surrounding the petitioner's application for an excavation and grading permit did not involve a zoning dispute within the purview of the Pitkin County Zoning Code. Therefore, the petitioner was entitled to seek a writ of mandamus in the district court. *See Ouellette v. Building Inspector of Quincy,* 362 Mass. 272, 285 N.E.2d 423 (1972); *Colonial Estates, Inc. v. Stanco,* 39 Misc.2d 396, 240 N.Y.S.2d 626 (1963).

## II.

The decision of the court of appeals is reversed. This case is remanded to the court of appeals with directions to resolve this appeal on its merits.

QUINN and DUBOFSKY, JJ., dissent.

LOHR, J., does not participate.

QUINN, Justice, dissenting:

I respectfully dissent. Gramiger, in my view, failed to exhaust his administrative remedies prior to seeking a writ of mandamus under C.R.C.P. 106(a) in the Pitkin County District Court.

What Gramiger applied for was a building permit and nothing more. His application was submitted to the Building Inspection Department of Pitkin County on a form entitled "General Construction Permit." The form stated in large capital letters:

"WHEN SIGNED AND VALIDATED BY BUILDING INSPECTION DEPARTMENT THIS PERMIT AUTHORIZES THE WORK DESCRIBED BELOW
USE OF BUILDING: Restaurant.
Class of Work: New ☒"

The work described in the application included a foundation, joists, and exterior walls. The foundation for the restaurant was to be of "[s]teel ... anchored with prestressed, groutable rock bolts in natural undisturbed and 'as-graded' bedrock-site." The application described the joists as "steel and reinforced concrete" and the roofing material as "lead and/or copper sheet." The exterior walls of the proposed structure were to be of "steel framing with reinforced concrete ... with native rock exteriors." Additional remarks on the application for the permit included the following: "Entire superstructure is of steel-frame reinforced concrete fireproof construction." The form notified the applicant in large capital letters that he "ACCEPTS FULL RESPONSIBILITY FOR COMPLIANCE WITH THE UNIFORM BUILDING CODE, THE COUNTY ZONING RESOLUTION OR CITY ZONING ORDINANCE, AND ALL OTHER COUNTY RESOLUTIONS OR CITY ORDINANCES" and that "THIS BUILDING SHALL NOT BE OCCUPIED UNTIL A CERTIFICATE OF OCCUPANCY HAS BEEN ISSUED."

I can conceive of no basis whatever to characterize this document as an application for an excavation permit. What Gramiger sought was permission to build a restaurant on top of a mountain. The only excavation involved was the excavation necessary for the restaurant foundation. Because it was a building permit which he sought, I agree with the court of appeals that Gramiger was premature in seeking judicial relief.

Section 30–28–118(1), C.R.S.1973, authorized the Pitkin County Board of Adjustment to hear appeals "by any person aggrieved by his inability to obtain a building permit." Rather than seek administrative relief from the Pitkin County Board of Adjustment, Gramiger filed suit in the district court before receiving a definite response to his application from the building inspector. If the building inspector either denied or

---

**3.** In fact, the building inspector refused to either grant or deny the application until directed to do so by the commissioners on March 19, 1973.

refused to issue the permit, Gramiger had a remedy under section 30–28–118(1), C.R.S. 1973, by way of an administrative appeal. This remedy he failed to pursue, as the court of appeals properly ruled.

I would affirm the judgment.

I am authorized to say that Justice DU-BOFSKY joins me in this dissent.