**Ronald GREEN and Edward Ballow, Petitioners-Appellants,**

v.

**The BOARD OF DIRECTORS OF the LUTHERAN MEDICAL CENTER and the Lutheran Medical Center, Respondents-Appellees.**

No. 85CA1078.

Colorado Court of Appeals, Div. I.

March 5, 1987.

Rehearing Denied March 26, 1987.

Certiorari Denied (Green) July 13, 1987.

Hall & Evans, P.C., Duncan W. Cameron, Denver, for petitioners-appellants.

Montgomery, Little, Young, Campbell & McGrew, Richard L. Murray, Jr., Englewood, for respondents-appellees.

ENOCH, Chief Judge.

Petitioners, Ronald Green and Edward Ballow, doctors of podiatry who were denied staff privileges by the Board of Directors (Board) of Lutheran Medical Center (LMC), seek review of the district court's dismissal of their challenge to the Board's decision. We affirm.

Petitioners' applications for medical staff privileges were initially denied by the Medical Staff Executive Committee at LMC. Pursuant to LMC bylaws, this denial was appealed to a hearing panel which found that petitioners were qualified as podiatrists and that they should be admitted to the staff. The findings of the hearing panel were appealed to the Board, which, after a second hearing, affirmed the original decision of the Medical Staff Executive Committee denying staff appointments. This action for judicial review followed.

## I.

Petitioners seek relief in the nature of certiorari under C.R.C.P. 106(a)(4). Under that section, relief may be obtained:

"Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy."

A private hospital board is not a public agency and, therefore, is not an "inferior tribunal" within the scope of C.R.C.P. 106(a)(4). *Even v. Longmont United Hospital Ass'n,* 629 P.2d 1100 (Colo.App.1981). Thus, if LMC is a private hospital, the denial of staff privileges is a matter solely within the discretion of its managing authorities and is not a proper subject of certiorari review. C.R.C.P. 106(a)(4); *Even v. Longmont United Hospital Ass'n, supra.*

In their complaint, petitioners allege, among other things, the following facts: That LMC is licensed by the State of Colorado; that it provides medical care to the general public; that the Colorado Department of Health has granted a franchise to LMC to the exclusion of other health care

providers in the Wheat Ridge area; and that LMC is the recipient of both state and federal funds. Taking all these facts as true, we nevertheless conclude that LMC is a private hospital. *See Even v. Longmont United Hospital Ass'n, supra; Ward v. St. Anthony Hospital,* 476 F.2d 671 (10th Cir.1973); *Shulman v. Washington Hospital Center,* 222 F.Supp. 59 (D.D.C.1963). Thus, there is no "inferior tribunal" within the scope of C.R.C.P. 106(a)(4), and the district court was correct in denying relief under that section.

## II.

■ Petitioners also seek relief in the nature of mandamus under C.R.C.P. 106(a)(2). Under that provision of the rule, relief may be obtained:

"Where the relief sought is to compel an inferior tribunal, corporation, board, officer or person to perform an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, officer, or person."

By its terms, C.R.C.P. 106(a)(2) is applicable to provide relief in the nature of mandamus when a board or person charged with performing an official duty fails or refuses to act. *Sheeley v. Board of County Commissioners,* 137 Colo. 350, 325 P.2d 275 (1958). However, in this case, the Board did act; it denied staff privileges to petitioners.

Mandamus is also available if a party has been "unlawfully precluded" from the "enjoyment of a right ... to which he is entitled." C.R.C.P. 106(a)(2). Here, the "right" which petitioners seek to enforce is admission to staff privileges at LMC. However, mandamus is available only if the party seeking relief has a clear right to the relief sought, *Gramiger v. Crowley,* 660 P.2d 1279 (Colo.1983), and it will not lie to direct how discretion is exercised. *Peoples Natural Gas Division of Northern Natu-*

*ral Gas Co. v. Public Utilities Commission,* 626 P.2d 159 (Colo.1981).

Because denial of staff privileges is a matter solely within the discretion of LMC's managing authorities, *see Even v. Longmont United Hospital Ass'n, supra,* summary judgment as to this theory of relief was proper.

## III.

■ Finally, petitioners argue that even if C.R.C.P. 106 relief is unavailable to them, they were entitled to a declaratory judgment under C.R.C.P. 57, declaring that, by not following LMC's bylaws, the Board had violated § 25–3–103.5, C.R.S. (1986 Cum.Supp.). On its face, this statute applies only to public hospitals. Therefore, the district court was correct in denying relief to petitioners under this theory.

Judgment affirmed.

VAN CISE and CRISWELL, JJ., concur.