Gregg L. **GATRELL**, Plaintiff–Appellant,

v.

Robert **KURTZ**, Warden, Huerfano County Correctional Center; A. Moreland, Disciplinary Hearing Officer, Huerfano County Correctional Center; Paul Pacheco, Swing Shift Supervisor, Huerfano County Correctional Center, Defendants–Appellees.

No. 08CA0766.

Colorado Court of Appeals, Div. I.

March 5, 2009.

Gregg L. Gatrell, Pro Se.

Hall & Evans, L.L.C., Andrew D. Ringel, Joseph P. Sanchez, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

Plaintiff, Gregg L. Gatrell, appeals the trial court's judgment dismissing his complaint against defendants, Robert Kurtz, Warden of the Huerfano County Correctional Facility; Angela Moreland, Disciplinary Hearing Officer; Paul Pacheco, Swing Shift Supervisor; and the Colorado Department of Corrections (DOC). The sole issue on appeal is whether defendants violated a statutory provision by removing Gatrell from the general prison population prior to the final resolution of the disciplinary process against him. We conclude that defendants did not violate the applicable statute and therefore affirm.

Gatrell was an inmate in the Huerfano County Correctional Facility, a private prison operated by the Corrections Corporation of America. As pertinent here, his amended complaint sought mandamus relief pursuant to C.R.C.P. 106(a)(2), alleging that defendants violated section 17–1–203(1)(c), C.R.S. 2008, by removing him from the general prison population before the final resolution of a disciplinary proceeding against him.

Defendants moved to dismiss Gatrell's amended complaint, contending that it failed to state a claim for mandamus relief. Defendants asserted that Gatrell had no clear right to any relief he was seeking because they did not violate any statutory restriction on their authority.

The trial court dismissed Gatrell's amended complaint, finding that defendants had the right to remove an inmate before final resolution of a disciplinary hearing. Gatrell then brought this appeal.

## I. Legal Background

In evaluating a motion to dismiss for failure to state a claim under C.R.C.P. 12(b)(5), the court must accept the material allegations contained in the complaint as true, and may grant the motion only if the court concludes the plaintiff is not entitled to any relief under the facts pleaded. *Dunlap v. Colo. Springs Cablevision, Inc.*, 829 P.2d 1286, 1291 (Colo.1992).

Mandamus relief may be granted under limited circumstances. *Jones v. Colo. State Bd. of Chiropractic Exam'rs*, 874 P.2d 493, 494 (Colo.App.1994). It is available only to compel the performance of a nondiscretionary ministerial duty. *Green v. Bd. of Dirs. of Lutheran Med. Ctr.*, 739 P.2d 872, 874 (Colo.App.1987). Mandamus is appropriate when the petitioner establishes (1) the petitioner has a clear right to the relief sought; (2) the respondent has a clear duty to perform the act; and (3) there is no other available remedy. *Gramiger v. Crowley*, 660 P.2d 1279, 1281 (Colo.1983).

## II. Removal Prior to Hearing

Section 17–1–203(1)(c) governs private prison contractors and provides: "The contractor may remove an inmate from the general prison population during an emergency, before final resolution of a disciplinary hearing, or in response to an inmate's request for assigned housing in protective custody."

Gatrell argues that the word "before" is a conjunction which joins the subordinate clause "before final resolution of a disciplinary hearing" to the main clause "[t]he contractor may remove an inmate from the gen-

eral prison population during an emergency." Thus, he maintains, because the language "before final resolution of a disciplinary hearing" limits the phrase "during an emergency," the statute provides only two situations in which a private prison contractor may remove an inmate from the general prison population: (1) during an emergency, before final resolution of a disciplinary hearing; and (2) in response to an inmate's request for assigned housing in protective custody.

When interpreting a statute, we adopt the construction that best gives effect to the legislative scheme, looking first to the plain language of the statute. *Slack v. Farmers Ins. Exch.*, 5 P.3d 280, 284 (Colo.2000). Words and phrases shall be read in context and construed according to the rules of grammar and common usage. *See* § 2–4–101, C.R.S.2008; *Holliday v. Bestop, Inc.*, 23 P.3d 700, 705 (Colo.2001). When the statutory language is clear and unambiguous, we interpret the statute as written. *McCall v. Meyers*, 94 P.3d 1271, 1272–73 (Colo.App. 2004). Interpretation of a statute is a question of law that we review de novo. *McIntire v. Trammell Crow, Inc.*, 172 P.3d 977, 979 (Colo.App.2007).

■ Contrary to Gatrell's construction of section 17–1–203(1)(c), we conclude the statute, through the use of commas, delineates three separate circumstances in which a prison inmate may be removed from the general population. The use of the term "before" does not convert the clause "before final resolution of a disciplinary hearing" into a subordinate clause modifying the phrase "during an emergency." Rather, the commas, which separate several distinct actions, the last of which is preceded by the disjunctive "or," demarcate different categories. *See Woellhaf v. People*, 105 P.3d 209, 216–17 (Colo.2005) (a list separated by the disjunctive "or" at the end creates separate categories). Additionally, the statutory structure here is distinct from a statute where the limiting clause itself does not create a separate category, but rather is set off from the preceding category and modifies that category. *See Pena v. Indus. Claim Appeals Office*, 117 P.3d 84, 87 (Colo.App.2004).

We further reject Gatrell's proposed construction because it would limit the circumstances when a private contractor could remove an inmate before the final resolution of a disciplinary hearing to emergencies. This interpretation is inconsistent with the plain language of the statute.

Therefore, because defendants were authorized by statute to exercise their discretion in removing Gatrell from the general prison population prior to his disciplinary hearing, we conclude that he has failed to establish any right to mandamus relief. *See In re Question Concerning State Judicial Review*, 199 Colo. 463, 465, 610 P.2d 1340, 1341 (1980) (while a court can direct an officer to proceed and exercise his discretion, it cannot direct the manner in which that discretion shall be exercised).

The judgment is affirmed.

Judge ROMÁN and Judge LICHTENSTEIN concur.