In the Matter of HAROLD THURMAN et al., Doing Business as E. BROWN ASSOCIATES and THURMAN BROWN CORP., Petitioners, v. ELAINE H. SNOWDEN, as Town Cerk of the Town of Wappinger, Respondent.

Supreme Court, Dutchess County, October 12, 1966.

*Russell E. Aldrich* for petitioners. *Quinn & Reilly* for respondent.

JOSEPH F. HAWKINS, J. Petitioners move for an order under article 78 of the CPLR to direct the respondent to issue a certificate pursuant to section 276 of the Town Law. It is urged that by virtue of the Planning Board's failure either to approve or disapprove the petitioners' plat, the self-executing, mandatory approval prescribed by the statute became operative.

Section 276 (subd. 4) of the Town Law specifically provides that a public hearing be held by the Planning Board within 30 days after submission of such plat for approval. Thereafter, a town has 45 days within which to approve or disapprove. It is then further provided that: " In the event that such hearing shall not be held, or that such plat shall not have been disapproved after such hearing, within the time prescribed therefor, such plat shall be deemed to have been approved ".

The time sequence here involved is not without importance. The petitioners filed their application on April 12, 1966, and six days thereafter the Planning Board provided for an on-site inspection but did not set the matter down for a public hearing. On May 2, 1966, the Planning Board unanimously approved the motion " to table this application until such time that the Board can communicate with the State on their plans, present or future, concerning this area." At the next meeting held on May 16, 1966, after noting the possibility the State Department of Public Works might institute a " quick taking ", it was decided to take no further action, and to await further developments.

At a subsequent meeting held on June 6, 1966, again no action was taken by the Planning Board, nor did it schedule a hearing. At the last of this series of meetings held on June 20, 1966, the Zoning Inspector of the Town of Wappinger by letter advised the petitioners that " the processing of your application is presently at a standstill."

There appears to be no authority for deferring action beyond the statutory period because the State may have tentative plans which might entail condemnation of the subject property. As was stated in *Matter of Lido Links Homes* v. *Young* (13 Misc 2d 157, 158) if the State anticipates condemning property: " it should move promptly for an order condemning it, and thus minimize the damage to the petitioner. It cannot, by a mere statement of intent, which binds no one, compel an owner to maintain his property in an unproductive state for an indefinite period, in the manner here proposed."

The authority to enact a local zoning ordinance derives from the grant conferred by article 16 of the Town Law — and it is so recited in the very ordinance at bar. It, therefore, follows that this statute should be considered in construing or in resolving any ambiguity or lacuna in the local ordinance.

We do not deem it necessary to determine that the precise timetable which obtains in section 276 must be applied to the local zoning ordinance; but by so stating it is not to be deemed that the Planning Board may unduly defer or procrastinate in deciding whether to approve or disapprove a submitted plat.

Whether the 30-day provision of section 276 does or does not attach, surely the municipality must make its decision within a reasonable time. We hold that in the matter at bar more than a reasonable time has, indeed, intervened, particularly since there is no indication that the Planning Board offers or intends to render its determination expeditiously or otherwise.

The basic concepts of due process compel granting the relief demanded, for to do otherwise is virtually to leave the petitioners in a perpetual state of limbo.

The holding in *Matter of Scarsdale Meadows* v. *Smith* (20 A D 2d 906) is particularly pertinent: "In our opinion the facts of this case demonstrate that the Town Planning Board would not allow a public hearing on a proposed subdivision of land unless it had previously determined that it would approve the plan. This it may not do. The proposed plat having been submitted for final approval pursuant to the proper local procedure, the Town Planning Board was required to grant a public hearing pursuant to subdivision 1 of section 276 of the Town Law (*Matter of Levin* v. *Thornbury*, 2 A D 2d 774; *Matter of Thornwood Enterprises* v. *Bloom*, 20 A D 2d 852). We decide this case solely on petitioner's rights under the statute (Town Law, § 276, subd. 1)."

The petitioners are entitled to a judgment directing respondent to issue the requisite certificate (*Matter of Colonial Estates* v. *Stanco*, 39 Misc 2d 396). No costs.