No. 17,493.

HANNUM ET AL. *v.* HILLYARD ET AL.

(278 P. [2d] 1015)

Decided January 17, 1955.

Mr. MAURICE REULER, for plaintiffs in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

Defendants in error were petitioners in the trial court; plaintiffs in error were respondents; and reference herein will be made to them as they there appeared.

To review an adverse ruling and injunctive orders, respondents obtained a writ of error. After the filing of the record, and in due time, on November 3, 1954, the opening brief of respondents was filed. Petitioners entered their appearance by paying docket fee, but have not, within the time prescribed by rule, or at all, filed an answer brief, and no extention of time was applied therefor. Upon this state of the record the matter is ready for disposition, and respondents by motion have shown to the court that they are subject to an injunctive order creating hardship upon them and pray that an early determination be had.

On or about the 23rd day of September, 1953, respondents Elmer J. Hannum and John A. Lloyd made application to the building department of the City and County of Denver for a building permit to erect a three-car garage on Hannum's premises. Among other things the garage was to have a three-door opening with a beam height from the floor not to exceed 9'6". In November a verbal application was made to change the plan so as to permit increase in the beam height to 10'6", and substitute one large garage door for the three-door opening. The permit was granted; the alterations allowed; and construction work followed in due course of time. Defendants in error, as plaintiffs, on the 4th day of December, 1953, filed their complaint for injunction and temporary restraining order, alleging that they were taxpayers in the neighborhood of Hannum's property; that it was the intention of respondents to construct the garage so as to allow the storage and repair of diesel truck tractors therein, and unless prevented by a court order from doing so, the garage would be so used; that upon discovery of the alteration in the plans they made numerous objections to the chief building inspector who refused to halt construction work by the respondents;

that his action was arbitrary, capricious, unreasonable and unlawful; was an abuse of his discretion and contrary to the general purpose, intent and spirit of the zoning ordinances; that they would suffer material and irrevocable damage; that they had no plain or adequate remedy other than through court action for redress of the wrong imposed upon them by the building inspector and the board of adjustments in abusing their discretion.

A temporary restraining order was issued, which respondents moved to dissolve and dismiss the action for failure to state a claim for either legal or equitable relief. This motion was denied. Respondents answered, denying violation of the zoning ordinance and alleged that Hannum admitted that upon completion of the garage, he would wash, grease, and tinker on, his tractor, but would not repair same; and finally that the court was without jurisdiction to hear the complaint due to the failure of petitioners to exhaust their administrative remedies.

Respondents moved for summary judgment, which motion contained a transcript of the findings of fact and conclusions of law entered by the court on the motion for preliminary injunction; alleged that it was shown therein, together with exhibits, that there were no violations; that there was nothing to enjoin since the allegations and admissions of Hannum did not constitute a violation of the zoning ordinance; and further, that petitioners had failed to exhaust the administrative remedies provided. After the hearing on the motion for preliminary injunction an amendment to the complaint was filed containing an allegation that plaintiffs had made several attempts to appeal the action of the building inspector, but that the board of adjustment had failed, and still fails, to accept the filing of an appeal. Respondents filed a motion to dismiss the amended complaint, which was denied temporarily. Respondents thereafter filed an answer, and finally respondents' motion relative to the amended complaint was granted. That thereafter petitioners filed motion for summary judgment and upon

such motion from both petitioners and respondents, the case, by agreement, was submitted and decided upon the two motions.

The findings and decree of the trial court may be summarized as follows: That the complaint was sufficient, because it appeared that it charged the violation of the ordinance; that since the evidence supported the complaint in that there was an alteration of plans by deceptive practices on respondents, equity did not require an exhaustion of administrative remedies; that respondent Hannum had not shown a neighborly spirit and the structure was unattractive in the court's opinion; that this was not a case of nuisance, and that respondents could not, under the terms of the ordinance alternately store his diesel trucks, the most that he could do would be to store one commercial vehicle, which had to be the same one at all times; that judgment be entered in favor of petitioners and against respondent Hannum, enjoining him from using the garage for storage of more than one commercial vehicle; and further enjoining him from interchanging the vehicles; and from in any manner servicing the motor vehicle, including tinkering upon same as "tinkering" was defined by respondents in their answer to interrogatories. The court by its judgment favored respondents in so far as the location of the garage was concerned, and the requests for damages was denied.

Summary of the argument respondents present in this Court is to the effect that the court erred in permitting petitioners, not having exhausted their administrative remedies, to maintain this action for injunction; that petitioners failed to show irrevocable injury to themselves by reason of the violation of the zoning ordinance; and that the quantum of proof necessary to sustain the granting of either a temporary or permanent injunction was lacking.

The complaint upon which the temporary restraining order was issued was barren of any allegation that petitioners had appealed the ruling of the building

inspector to the zoning board of adjustment. In the complaint, amended after hearing on the motion for preliminary injunction, it was alleged that several attempts were made to appeal the action of the building inspector, but the board of adjustment refused to accept the filing of an appeal. A motion to dismiss the amended complaint was sustained and the matter rested upon the allegations of the original complaint. It was alleged in this complaint that plaintiffs had no plain or adequate remedy other than by court action. In making this allegation, they were undoubtedly oblivious to the fact that the charter of the City and County of Denver provides that: "Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department, board or bureau of the municipality affected by any decision of an administrative officer. * * *." Section 219 A, paragraph G Charter of the City and County of Denver. This general section of the charter also provides that an appeal stays all proceedings with one exception, not material here. The record before us does not disclose any effort by petitioners to file an appeal or any evidence that the board refused to accept such filing if one was attempted to be made. That they were aggrieved by the action of the building inspector in failing to halt the action of respondent Hannum goes without saying, because, for that reason they filed this action. If they were aggrieved and failed to avail themselves of the provided administrative procedure and remedy, they are precluded from resort to the courts in the first instance. The doctrine of "exhaustion of administrative remedies" is very clearly settled and without appreciable conflict. This Court has many times been called upon to invoke this doctrine, which it has unhesitatingly done in so many cases that we now conclude and say that exhaustion of the administrative remedies is a judicial prerequisite to court action.

It follows that when, as here, there is an undisputed failure of even an attempt to follow the remedial

procedure prescribed, the action is without proper legal foundation and any order entered therein is, and should be, declared wholly ineffective. Accordingly, this matter is remanded to the trial court with directions to vacate the restraining or injunctive orders and dismiss the complaint.

We deem it wholly unnecessary to discuss other asserted errors.

The judgment is reversed and the cause remanded with directions as above indicated.