570 P.2d 560 (1977)
The PEOPLE of the State of Colorado ex rel. COMMISSIONER OF AGRICULTURE, Plaintiff-Appellee,
v.
Wayne WEBSTER, Individually and d/b/a Hotchkiss Fruit Company, Defendant-Appellant.
No. 77-169.
Colorado Court of Appeals, Div. I.
October 6, 1977.
*561 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Denver, Jose D. L. Marquez, Regional Asst. Atty. Gen., Grand Junction, for plaintiff-appellee.
Graham & Dufford, Joseph C. Coleman, Grand Junction, for defendant-appellant.
PIERCE, Judge.
The People brought this action in district court to collect assessments levied against the defendant under the Colorado Agriculture Marketing Act of 1939, § 35-28-101, et seq., C.R.S.1973. Defendant appeals from an adverse summary judgment and we reverse.
In June of 1969, pursuant to C.R.S.1963, 7-3-6 (now § 35-28-106, C.R.S.1973), the Commissioner of Agriculture issued an Apple Marketing Order in an effort to promote and stabilize the western slope apple market. Under C.R.S.1963, 7-3-13(2) (now § 35-28-113(2), C.R.S.1973), the costs of implementing such a marketing order are to be paid by those persons engaged in the production and distribution of the affected agricultural product. Accordingly, assessments were made each year under the Apple Marketing Order, and the defendant, a handler of apples, paid the assessments in 1973 and in 1974, but refused to pay them in 1975. The People began this action in the district court to collect the 1975-76 assessment and to enjoin further violation of the marketing order.
The defendant counterclaimed for the assessments previously charged and for costs and attorney's fees. He also asserted, by way of affirmative defenses, that the marketing order was enacted in violation of the Marketing Act, and that the Marketing Act is unconstitutional on its face and was unconstitutionally applied.
The district court dismissed the counterclaim and affirmative defenses, on the theory that the defendant failed to exhaust his administrative remedies. It then considered the complaint without the affirmative defenses, and, since no factual dispute existed as to defendant's failure to pay the 1975-76 assessment, it entered judgment for the People.
The doctrine of exhaustion of administrative remedies deals only with the timing of judicial review of administrative proceedings, see K. Davis, Administrative Law Treatise § 20.01 (1958), and thus the trial court erred in applying that doctrine to the present situation. Here, the trial court was not reviewing any administrative action, but rather was exercising original jurisdiction over the matter, which jurisdiction is given concurrently with the Commissioner of Agriculture by § 35-28-116(3), C.R.S.1973. Under this section, the Commissioner of Agriculture has the option of initiating complaint proceedings in the administrative agency or in the district court. Thus, cases such as People ex rel. Heckers v. District Court, 170 Colo. 533, 463 P.2d 310 *562 (1970) and People ex rel. Orcutt v. District Court, 167 Colo. 162, 445 P.2d 887 (1968), do not apply since they deal with the question of when an administrative proceeding is "final" for purposes of district court review.
The People argue that, even after proceedings were initiated in the district court, the defendant had the option of presenting his affirmative defenses to the Commissioner under § 35-28-111, C.R.S.1973, which gives the Commissioner the power to terminate any marketing order which "does not tend to effectuate the declared purposes" of the Marketing Act.
This alternative, however, is ineffective for several reasons. First, the Commissioner would have no jurisdiction to hear defendant's claim that the Marketing Act is unconstitutional on its face, since an administrative agency is generally without jurisdiction to decide the constitutionality of its own enabling legislation. Davis, supra at §§ 20.02 and 20.04. Second, § 35-28-111, C.R.S.1973 offers prospective relief only, and even then the marketing order remains effective until the expiration of the current marketing season. Finally, the district court could render a judgment, proceed with execution, and the entire process would be immune from administrative interference. See DeRasmo v. Smith, 15 Cal. App.3d 601, 93 Cal.Rptr. 289 (1971); Davis, supra at § 18.11.
We find nothing in the Marketing Act which authorizes the district court's piecemeal exercise of jurisdiction. Once the Commissioner chose to proceed in the district court, the district court became clothed with exclusive jurisdiction to hear the entire matter. Any other conclusion would effectively preclude defendants from ever raising affirmative defenses once the Commissioner chooses the district court as the forum.
The judgment is reversed and the cause remanded to the district court for reinstatement of the complaint, counterclaim, and affirmative defenses and for further proceedings consistent with this opinion.
COYTE and SMITH, JJ., concur.