Glenn R. CLASBY d/b/a UTE Electric, Plaintiff-Appellant,

v.

Gail KLAPPER, as Executive Director of Department of Regulatory Agencies, State of Colorado, and Hugh Chastain, William Heffernan, Ralph Herman, Carl Peterson, P. G. "Bud" Fleming, Robert Craven, Donald Kennerson, Gordon Lindsay, Giles Schurman, as members, and George K. Waterhouse, as Director of State Electrical Board, State of Colorado, Defendants-Appellees.

No. 80SA285.

Supreme Court of Colorado,
En Banc.

Oct. 19, 1981.
Rehearing Denied Nov. 23, 1981.

Richard D. Dittemore, P. C., Richard D. Dittemore, Englewood, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Levis, Asst. Atty. Gen., Denver, for defendants-appellees.

LOHR, Justice.

The appellant, Glenn R. Clasby, a master electrician, brought a declaratory judgment action in the Denver District Court, contending that section 12–23–106(4), C.R.S. 1973 (1978 Repl. Vol. 5), treating the renewal of electricians' licenses, is unconstitutional because it denies his right to procedural due process and is an abuse of the state's police power. From an adverse judgment on the merits of those claims, he now appeals. We do not reach the appellant's constitutional challenges because we conclude that Clasby's failure to appeal from the administrative denial of his license renewal application within the statutorily prescribed time deprived the lower court of subject matter jurisdiction. We therefore vacate the judgment of the district court and remand this case to that court for entry of a judgment of dismissal.

The record reveals that from February 8, 1976, through December 31, 1977, the appellant was a master electrician licensed pursuant to statute. See section 12–23–101 et seq., C.R.S.1973 (1978 Repl. Vol. 5).[1] In December, 1977, the appellant received a notice from the State Electrical Board (board), advising him of the need to renew his license for 1978. See section 12–23–106(4), C.R.S.1973 (1978 Repl. Vol. 5). The appellant was relocating his residence at this time, and the notice was misplaced.

The statutory scheme then in effect required that an application for license renewal, accompanied by a $50 fee, be submitted prior to January 15, 1978. An additional grace period was provided, allowing submission of an application prior to February 15 of that year. Applications filed within the grace period were to be accompanied by an additional $10 late fee. Sections 12–23–106(4), 12–23–112, C.R.S.1973 (1978 Repl. Vol. 5).[2]

On February 28, 1978, fourteen days after expiration of the grace period, the appellant discovered the misplaced renewal notice. Without further delay, he submitted his application and a check for $60 (the statutory renewal amount plus the $10 late fee).

The board, by a letter dated March 17, 1978, informed the appellant:

Due to the fact that your license renewal was not received in this office by February 15, 1978,[3] you will have to reapply and retake the examination to obtain your master electrician's license.

We are returning herewith your check # 539, dated February 28, 1978, in the amount of $60.00.

---

1. 1978 Repl. Vol. 5 reflects a number of amendments effected by Colo.Sess.Laws 1978, ch. 59, 12–23–100.2 et seq. at 318. None of the 1978 amendments, which took effect subsequent to the events here in question, affects the portions of the statute relevant to the case before us.

2. Section 12–23–106(4), C.R.S.1973 (1978 Repl. Vol. 5), as in effect at times relevant here, provides:

All licenses of journeymen electricians, master electricians or residential wiremen, unless such licenses have been suspended or revoked by the board, and the board or the director, acting as the agent thereof, has given written notice thereof to the division of registrations, shall be renewed for a period of one year by the division of registrations upon application for such renewal being made to the division prior to January 15 of the year in which the prior license expired and upon the payment of an annual renewal fee in the amount provided in section 12–23–112. If the application for renewal is not made prior to January 15, an additional fee of ten dollars shall be paid on account of such delinquency in renewal. All such applications for renewal must be made prior to February 15 of that year; otherwise, the license shall be forfeited, and such applicant shall be required to pass the examination and pay the fees required of applicants for original license.

3. The statute requires that the application "must be made prior to February 15". Section 12–23–106(4), C.R.S.1973 (1978 Repl. Vol. 5) (emphasis added).

Clasby then asked the board for a hearing to determine whether there was good cause for his delinquency, but was informed by the board in August, 1978, that it had no authority under the statute to grant a variance from the strict application of the statutory deadline. The appellant did not seek judicial review of the board's action as provided by statute. *See* section 12–23–120, C.R.S.1973 (1978 Repl. Vol. 5).

Over a year later, on July 2, 1979, the appellant filed the instant action, seeking to have section 12–23–106(4), C.R.S.1973 (1978 Repl. Vol. 5) declared unconstitutional under the due process clauses of the United States and Colorado Constitutions,[4] and requesting other incidental relief. The trial court rejected the constitutional challenges and entered judgment denying all relief. Clasby now appeals from that judgment.

▆▆▆ The general rule is that one seeking to exercise a statutorily provided right of review must comply with the time limitations imposed by that statute. *Washburn v. Industrial Commission*, 153 Colo. 500, 386 P.2d 975 (1963); *see Civil Service Commission v. District Court*, 186 Colo. 308, 527 P.2d 531 (1974). The failure to bring a proceeding within the applicable time limit is a jurisdictional defect. *See Board of County Commissioners v. Carter*, 193 Colo. 225, 564 P.2d 421 (1977). Moreover, a party cannot circumvent these limitations on his right of review by attempting to obtain declaratory or injunctive relief where the prescribed avenue of review is adequate. *Hays v. Denver*, 127 Colo. 154, 254 P.2d 860 (1953); *Greyhound Racing Association v.*

*Colorado Racing Commission*, 41 Colo.App. 319, 589 P.2d 70 (1978); *see Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975).

Application of these standards to the present case initially suggests that, because the appellant failed to pursue the procedure for review established by section 12–23–120, C.R.S.1973 (1978 Repl. Vol. 5)[5] within the time prescribed, he is precluded from obtaining declaratory relief. The appellant contends, however, that this statutory avenue of review is inapplicable to his case since he is challenging the facial constitutionality of section 12–23–106(4), C.R.S.1973 (1978 Repl. Vol. 5). He contends that this is a very different question from whether the statute has been unconstitutionally applied or whether the administrative body has committed an error of law or has acted in an arbitrary and capricious manner or in excess of its authority. *See* section 12–23–120, C.R.S.1973 (1978 Repl. Vol. 5).

The basis of the appellant's argument is that, since the administrative body could not decide the constitutionality of its enabling legislation, the district court was not reviewing an administrative proceeding but was exercising original jurisdiction independent of the procedural limitations imposed by section 12–23–120, C.R.S.1973 (1978 Repl. Vol. 5). We find this argument unpersuasive.[6]

▆▆▆ Although it is true that an administrative agency cannot rule on the constitutionality of its enabling legislation, *People ex rel. Commissioner v. Webster*, 40 Colo. App. 144, 570 P.2d 560 (1977); *see K. Davis,*

---

4. *U.S.Const.* amend. XIV; *Colo.Const.* Art. II, § 25.

5. That statute provides:

   *Appeals.* Any person aggrieved by a decision of the board and affected thereby shall be entitled to judicial review by filing in the district court of the county of his residence or of the city and county of Denver, within ninety days after the decision of the board, an action requesting such review. Review shall be by the court without a jury, and a decision of the board shall be reversed or set aside only if it is contrary to constitutional rights or privileges, the result of an error of law, arbitrary, capricious, or in excess of the authority of the board. Any party shall be

entitled to a review of the final judgment or decision of the district court as provided by law and the Colorado appellate rules.

6. There was no need for the appellant to present his constitutional challenge to the board before raising that issue on appeal to the district court. *See State v. Superior Court of Orange County*, 12 Cal.3d 237, 524 P.2d 1281, 115 Cal.Rptr. 497 (1974); *K. Davis, Administrative Law Treatise, supra* at § 20.04; *L. Jaffe, Judicial Control of Administrative Action* at 438–440 (1965). Since the board could not rule on that claim, it would serve no purpose to impose such a requirement.

*Administrative Law Treatise,* §§ 20.02 and 20.04 ((1958), 1970 Supp., 1980 Supp.), that proposition is not determinative of the present issue. Resolution of the issue depends upon the answers to three critical questions. First, we must determine whether the statute prescribing the method of appeal from the board's decisions contemplates that facial constitutional challenges to the statute under which the board acts may be asserted on appeal, even though such challenges are not cognizable by the board. If it does, we must next decide whether the statutory appeal procedure is intended to provide the exclusive means of asserting such challenges. If both those questions are answered affirmatively, we must then determine whether the appeal procedure so provided is adequate. It is to these three inquiries that we now turn.

From the statute itself, we note that the apparent legislative intent was to provide for review of constitutional challenges pursuant to section 12–23–120. That statute explicitly provides:

> Any person aggrieved by a decision of the board and affected thereby shall be entitled, to judicial review . . . and a decision of the board shall be reversed or set aside only if it is *contrary to constitutional rights or privileges* . . . (Emphasis added.)

The statute does not distinguish between facial constitutional challenges and challenges to the statute as applied, and we decline the petitioner's invitation to draw that line.[7]

We also conclude that the review procedures of section 12–23–120 are exclusive. That statute provides for expeditious review of administrative action by requiring that a judicial proceeding for review be filed within ninety days of the administrative decision. Important policy considerations support adherence to the ninety day limitation. Delay in the resolution of disputes is not in the interest of any of the parties. It hampers the effective functioning of the agency and places the applicant in a position of extended uncertainty. Moreover, to hold that the statutory review procedure is not exclusive would defeat the legislative intent, reflected in section 12–23–120, that review procedures be initiated within ninety days.[8] The interests behind finality and the expeditious determination of affected rights are better served by channeling procedures along the statutorily prescribed avenue. *See Snyder v. Lakewood, supra.*

Nevertheless, if restricting the appellant's avenue of relief to proceedings under section 12–23–120, C.R.S.1973 (1978 Repl. Vol. 5) would result in an impairment of his rights, a contrary result would be warranted. *See Snyder v. Lakewood, supra; Hays v. Denver, supra.* In this case, however, the prescribed procedure provides an avenue for the plain, speedy and adequate vindication

7. A different question would be presented were the statutory procedure for review limited by its terms to review of the administrative agency's findings and conclusions or the exercise of its jurisdiction. *See* the statute quoted in n. 2 of the California Supreme Court's opinion in *State v. Superior Court of Orange County,* 12 Cal.3d 237, 524 P.2d 1281, 115 Cal.Rptr. 497 (1974).

8. The appellant's reliance on *People ex rel. Commissioner v. Webster, supra,* is misplaced. In *Webster* the enabling statute granted concurrent jurisdiction to the district court and the Commissioner of Agriculture to entertain certain proceedings for enforcement of marketing orders issued by the commissioner under the Colorado Agricultural Marketing Act of 1939. Section 35–28–116(3), C.R.S.1973. Since the commissioner elected to initiate the enforcement proceeding in the district court, the appel-

late court concluded that the defendant could assert his affirmative defenses without first exhausting his administrative remedies. The court correctly reasoned that, since the commissioner chose to proceed in the district court, such court had exclusive jurisdiction to hear the entire matter. The instant case does not present a question of judicial proceedings for enforcement of an administrative order pursuant to a grant of concurrent jurisdiction. The analogy is therefore inappropriate. Nor does the present case involve an attack upon an administrative regulation promulgated pursuant to the State Administrative Procedure Act. *See* section 24–4–103, C.R.S.1973 (1980 Supp.). Such a quasi-legislative action is subject to review by declaratory judgment. *Collopy v. Wildlife Commission,* Colo., 625 P.2d 994 (1981).

of those rights. *Cf. People v. District Court,* Colo., 612 P.2d 87 (1980).[9] There can be no serious question but that ninety days is a sufficient filing time and that the district court is an appropriate forum to provide prompt and fully adequate review of agency action.

■ We conclude that the statutory review procedure in section 12–23–120, C.R.S. 1973 (1978 Repl. Vol. 5) is the appropriate and exclusive means of challenging the facial constitutionality of the licensing statute and that it is fully adequate for that purpose. The appellant failed to avail himself of that procedure and is now precluded from obtaining review.

We therefore vacate the judgment of the district court and remand the case to that court for entry of a judgment of dismissal.

---

**9.** In *People v. District Court, supra,* a person whose driver's license had been revoked in administrative proceedings attempted to obtain judicial review of that revocation under C.R. C.P. 106(a)(4). This court held that the State Administrative Procedure Act was the exclusive means to seek review unless that procedure failed to provide a "plain, speedy and adequate remedy." We recognize that the "plain, speedy and adequate" limitation applied in that case was a result of the language found in C.R.C.P. 106(a)(4) rather than a general standard for determining whether the appellant will be limited to a specific statutory remedy. However, we believe it is appropriately applied in this case, where the appellant is attempting to substitute proceedings seeking declaratory and injunctive relief for the avenue of review prescribed by the legislature. *See Rosenberg v. Arizona Board of Regents,* 118 Ariz. 489, 578 P.2d 168 (1978).