Daniel G. **HANSEN,** Douglas H. **Pope, Margaret M. Pope, Shirley Beal, John Lemp, Jr., Susan Lemp, Charles R. Beers, Loraine Beers, Ray Imel,** and **Dorothy Imel, Plaintiff-Appellees,**

v.

Charles **KEIM, Defendant-Appellant,**

and

Charles **Bellock; City of Boulder,** a Colorado municipal corporation; **Raymond C. Ingraham,** as Building Official of the City of Boulder; and **James Tye,** as Zoning Administrator of the City of Boulder, **Defendants.**

No. 81CA0154.

Colorado Court of Appeals, Div. I.

May 6, 1982.

Rehearing Denied May 27, 1982.

Dietze, Davis & Porter, Ronald B. Porter, Boulder, for plaintiffs-appellees.

Clifford L. Neuman, P.C., Earl House, Clifford L. Neuman, Boulder, for defendant-appellant.

VAN CISE, Judge.

In 1979 a building permit was issued by the zoning administrator of the City of Boulder for the construction of a single family residence on the north half of lot 8, block 5, Carolyn Heights Subdivision. Plaintiffs, adjacent landowners, brought this action in the district court, contending (1) that the city zoning code does not autho-

rize the issuance of a building permit to this property, (2) that the "administrative policy" applied by the zoning administrator conflicts with the zoning code, (3) that, even if valid, this "policy" was applied in error, and (4) that the property is too small to be used for a residence. Named as defendants were Charles Keim, the owner, Charles Bellock, the contractor, the City of Boulder, Raymond C. Ingraham, as city building official, and James Tye, as city zoning administrator. Plaintiffs sought (1) an order requiring the city and its appropriate officers to suspend the building permit and (2) an injunction against all defendants' using and occupying or permitting or authorizing the use and occupancy of the subject property "except in conformity with the Boulder zoning ordinance."

After a hearing on stipulated facts, the trial court issued orders declaring that the building permit was void and that construction thereunder was precluded. Defendant Keim appeals. We reverse.

The Boulder City Code, Ch. XXXVII Zoning (1965, as amended) was admitted into evidence as the zoning code applicable to this case. Sections 37–601 through 37–603 thereof pertain to the board of zoning adjustment. Section 37–603 provides:

"The board shall have the power to: "(a) Hear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or determination made by an administrative official based on or made in the enforcement of the zoning chapter."

At oral argument, counsel for the parties to this appeal admitted that no appeal was taken to the board of zoning adjustment either before or after this action was instituted in the district court.

*Moschetti v. Liquor Licensing Authority,* 176 Colo. 281, 490 P.2d 299 (1971), and *Hannum v. Hillyard,* 131 Colo. 37, 278 P.2d 1015 (1955), are dispositive of this appeal. As in *Moschetti,* the parties did not raise the question of exhaustion of administrative remedies. However, on our own motion we discussed this with counsel at oral argument.

The general rule is that "before there can be any recourse to the courts in an administrative matter, there must be an exhaustion of the administrative remedies." *Moschetti, supra.* "Unless the administrative remedies are exhausted, it can never be known but that a correction would ensue if the administrative authority were given full opportunity to pass upon the matter." *Denver-Laramie-Walden Truck Line, Inc. v. Denver-Fort Collins Freight Service, Inc.,* 156 Colo. 366, 399 P.2d 242 (1965).

The instant case involves the claim that there was error in the determination of an administrative official "made in the enforcement of the zoning chapter"; hence, it should have been appealed first to the board of zoning adjustment. Only after that body had acted were the non-prevailing parties entitled to seek judicial review. *Hannum v. Hillyard, supra.*

Accordingly, we hold that the trial court lacked jurisdiction over the subject matter of the action. *Moschetti, supra. See also Gramiger v. Crowley,* Colo.App., 638 P.2d 797 (1981); *Corper v. Denver,* 36 Colo.App. 118, 536 P.2d 874 (1975), *aff'd,* 191 Colo. 252, 552 P.2d 13 (1976); *Spickard v. Civil Service Commission,* 33 Colo.App. 426, 523 P.2d 149 (1974); *St. Regis Paper Co. v. Marshall,* 591 F.2d 612 (10th Cir. 1979), *cert. denied,* 444 U.S. 828, 100 S.Ct. 55, 62 L.Ed.2d 36 (1979). *Cf. Collopy v. Wildlife Commission,* Colo., 625 P.2d 994 (1981); *People ex rel. Commissioner of Agriculture v. Webster,* 40 Colo. App. 144, 570 P.2d 560 (1977). So holding, we do not address the other asserted errors.

The orders are reversed, and the case is remanded with directions that the action be dismissed.

COYTE and TURSI, JJ., concur.