The **BOARD OF COUNTY COMMIS-SIONERS OF WELD COUNTY,**
Colorado, Plaintiff-Appellant,

v.

Robert L. HAWKINS,
Defendant-Appellee.

No. 82CA0766.

Colorado Court of Appeals,
Div. I.

Oct. 18, 1984.

Thomas O. David, Weld County Atty., R. Russell Anson, Asst. Weld County Atty., Greeley, for plaintiff-appellant.

Martin, Knapple, Humphrey & Tharp, Richard A. Tharp, Boulder, for defendant-appellee.

PIERCE, Judge.

Plaintiff, the Board of County Commissioners of Weld County (the Board), appeals the denial of its complaint for an injunction against Robert L. Hawkins. We affirm.

Hawkins operates an exotic animal farm as a hobby in Weld County. The farm contains many species of exotic grazing animals as well as twelve carnivorous cats which are kept in cages. In 1978, the county planning department informed Hawkins he would need a special use permit in order to continue operating his exotic animal farm in the A-Agricultural zone. Because of Hawkins' failure to apply for a special use permit, the Board sought a permanent injunction forcing Hawkins to remove his exotic animals from the property. Concluding that the Board had failed to prove a violation of the zoning code, the trial court denied the injunction.

The Board first contends that the trial court erred in failing to find a violation of the zoning code. We disagree.

■ To enjoin a zoning violation, the governing entity must prove both the ordinance and a violation thereof. *See City & County of Denver v. Chuck Ruwart Chevrolet, Inc.*, 32 Colo.App. 191, 508 P.2d 789 (1973). Thus, the Board had the burden of proving that Hawkins' use of his property violated the A-Agricultural zone. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289 (10th Cir.1980), *cert. denied* 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981).

In the A-Agricultural zone, the Weld County Zoning Resolution allows, among other enumerated activities, farming, ranching, grazing, public parks, playgrounds and other public recreation areas. The resolution also states that in addition to the enumerated uses, "any other ... use which is similar to those enumerated and no more obnoxious or detrimental to the area in which it is located, shall be permitted."

■ The trial court found, on supporting evidence, that Hawkins' use was similar to and no more obnoxious than others enumerated for the A-Agricultural zone. Hence, no violation was shown and the injunction was properly denied. *Cf. City &*

*County of Denver v. Chuck Ruwart Chevrolet, Inc., supra.*

■ The Board's remaining contention lacks merit. It contends that Hawkins did not exhaust his administrative remedies. Since Hawkins' use was allowed by right in the A-Agricultural zone, he was not required to exhaust any administrative remedies by seeking a special-use permit or by challenging the determination that a special-use permit was necessary. *See People v. Webster*, 40 Colo.App. 144, 570 P.2d 560 (1977); *see also McCaslin v. City of Monterey Park*, 163 Cal.App.2d 339, 329 P.2d 522 (1958).

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.