Donald T. TRINEN, Plaintiff-Appellee,

v.

**CITY AND COUNTY OF DENVER, Defendant-Appellant.**

No. 84CA1370.

Colorado Court of Appeals, Division II.

May 8, 1986.

Rehearing Denied June 5, 1986.

Certiorari Denied Sept. 8, 1986.

Hart & Trinen, P.C., Donald T. Trinen, Theodore W. Brin, Denver, for plaintiff-appellee.

Stephen H. Kaplan, City Atty., David E. Ramirez, Mark R. Muller, Charles H. Torres, Asst. City Attys., Denver, for defendant-appellant.

VAN CISE, Judge.

The City and County of Denver (the city) appeals a declaratory judgment holding that Denver Revised Municipal Code §§ 54–513(a) and (b) do not prohibit parking of a motorcycle within the same metered parking space as an automobile. We reverse.

Plaintiff, Donald Trinen, owns a motorcycle which, from time to time, he has parked in a space already occupied by a car. On one occasion he was charged with violating Code § 54–513(a), which states: "A vehicle shall be parked wholly within the parking metered space for which the meter shows parking privilege has been granted." He contested this charge and won.

On a second occasion he was charged with violating Code §§ 54–513(a) *and* (b) for the same method of parking. Code § 54–513(b) states: "Every vehicle parked in a parking metered space shall be parked with the front end or front portion of such vehicle immediately opposite the parking meter for such space and in such a manner that the meter shall be visible from the street side of the vehicle." Trinen was found guilty of violating Code § 54–513(b), but not guilty of violating Code § 54–513(a).

Trinen did not appeal the county court judgment. Instead, he paid the fine, and then, after the time for appeal had expired, he commenced this action for declaratory relief in Denver district court requesting a declaration that the ordinances do not prohibit parking a motorcycle in the same metered space as a car. The trial court entered judgment so holding, overruling the city's objection that this was not a proper case for declaratory judgment.

On appeal, the city contends the trial court lacked subject matter jurisdiction because Trinen should have appealed his conviction on the second citation. The deadline for appeal had passed when he filed the complaint in this action, and the city contends it is improper to substitute a declaratory judgment action for an appeal. We agree.

The Uniform Declaratory Judgments Law, § 13–51–101, et seq., C.R.S., and C.R. C.P. 57(k) are designed to afford parties relief from *uncertainty* with respect to their rights and status under law. However, Trinen does not need declaratory relief from the uncertainty of where he can park his motorcycle. He discovered through the county courts that parking it in the same space as a car violates Code § 54–513(b). His contention, that nothing in the wording of this section prohibits his method of parking, is a question which should have been raised through the normal appellate process.

Moreover, there was no inconsistency in the decisions in the two county courts actions. The parking of a motorcycle in the same space as a car was found to be a violation of Code § 54–513(b), but not of Code § 54–513(a).

Failure to appeal within the applicable time limits is a jurisdictional defect, and Trinen cannot circumvent these time limitations by attempting to obtain declaratory relief. *See Clasby v. Klapper*, 636 P.2d 682 (Colo.1982); *Greyhound Racing Ass'n of Southern Colorado, Inc. v. Colorado Racing Commission*, 41 Colo.App. 319, 589 P.2d 70 (1978).

Because of the above ruling, we need not address the city's remaining contentions.

The judgment is reversed, and the cause is remanded with directions to dismiss the action.

SMITH and BERMAN, JJ., concur.