[No. 6431.]

## BELL v. THOMAS.

1. **Bill of Exceptions—Tender—Extension of Rule—**An order extending the time allowed for filing a bill of exceptions, entered at a term succeeding that at which the exception is taken, is without effect.—(79)

2. **Search Warrant—Disposition of Goods—**Goods seized in the execution of a search warrant must abide the order of the justice who issued the warrant.—(80, 81)

3. **Mandamus—When the Writ Lies—**Where goods seized

under a search warrant are, by the magistrate, on hearing pursuant to the statute, ordered to be returned by the officer to the person from whose premises they were taken, mandamus lies to compel the discharge of this ministerial duty.—(81)

Doubted whether in such case a demand need be averred. —(81)

4. **Of the Judgment**—Under § 317 of the code, the plaintiff may have judgment for any damage which he has sustained by defendant's violation of his right.—(82, 83)

5. **Injunction — Allowed in Aid of Writ of Error — Dissolution**—Upon writ of error to a judgment for the plaintiff in mandamus proceedings a supersedeas was awarded, and an injunction supplemental thereto, to preserve the status quo. The judgment being affirmed, the injunction was dissolved.—(83)

*Error to Teller District Court*—Hon. WILLIAM P. SEEDS, Judge.

Mr. EDWARD J. BOUGHTON and Mr. C. A. GILLETTE for plaintiff in error.

Mr. E. G. VAN ATTA for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

The defendant in error, as plaintiff in the court below, brought suit against the plaintiff in error, as defendant. The complaint, in substance, alleges, that defendant is the sheriff of the county; that a warrant, based upon a complaint filed before a justice of the peace, was issued and delivered to defendant commanding him to arrest the plaintiff, and likewise search his premises for certain alleged stolen property, described in the warrant; that defendant, as such sheriff, and under the warrant, arrested plaintiff, searched his premises and took therefrom certain described property of plaintiff of a designated value; that thereafter, upon trial, plaintiff was discharged, and the justice of the peace took evidence with reference to the property seized under the search warrant, found that the same was not stolen, and ordered it delivered to plaintiff

from whom it had been taken; that it was the duty of the defendant to take the property under the search warrant into court and there hold it, to be disposed of under the order of the justice of the peace; that he failed in that respect and refused to obey the order of the justice of the peace, to turn the property over to plaintiff; that plaintiff has no plain, speedy and adequate remedy at law for the wrong suffered, and prays for the writ of mandamus to compel the defendant to comply with his statutory duty in that respect, and for all proper relief in the premises.

The alternative writ, embodying a copy of the complaint, was issued and served. Thereupon defendant demurred, and the demurrer being overruled, answered, admitting substantially, the taking of the property from the plaintiff under the search warrant, denying its value as claimed, and alleged that the property never belonged to plaintiff; that the latter's possession thereof was wrongful; that the property belonged to some person or persons (not named) for whom the Cripple Creek District Mine Owners and Operators' Association was the agent; that he had delivered the property to such agent, and no longer had control over the same; that "plaintiff has a plain, speedy and adequate remedy at law for the possession of the property." A replication filed, denied the allegations of the answer, and the cause went to trial to the court.

January 5, 1907, at the September term of the district court, the issues were found in favor of plaintiff, final judgment was entered accordingly, and sixty days given defendant in which to tender and file a bill of exceptions. The bill of exceptions was not tendered within the sixty days fixed by the order of the court, but on March 2, 1907, at the February term of the court, an order was made

extending the time for tendering the bill of exceptions. Subsequently, at various times, other like orders were made, enlarging the time in which to file the bill of exceptions, the last being entered on June 12, 1907. July 1, 1907, within the time fixed by the last designated order, the bill of exceptions was tendered to the judge, signed, sealed and filed.

The record, including the bill of exceptions, was filed in this court January 19, 1908, and the abstract on April 1, 1908. April 10th following, defendant in error appeared in this court, and filed a motion to strike the bill of exceptions, because it had not been tendered to the judge, signed and sealed, within the time fixed by the court, at the term in which the judgment was rendered. The motion was continued for determination until the final hearing of the cause.

A trial court has no authority, at a subsequent term of court, to extend or enlarge the time fixed at a former term in which a party may tender a bill of exceptions, and have it made a part of the record. — *Moore v. Andrews,* 34 Colo. 67; *Beulah Marble Co. v. Dixon,* 12 Col. App. 525.

The motion to strike the bill of exceptions from the record, must, therefore, be sustained, and it is so ordered.

There being no bill of exceptions before us, the only assignments of error we can consider are those based upon the record proper. We must, therefore, presume that the proceedings of the trial court were regular, and that the evidence was sufficient to warrant the judgment.

One of the purposes of a mandamus is to compel the performance of an act which the law specially enjoins as a duty resulting from an office. By virtue of his office and the law, the defendant seized the goods in possession of plaintiff, and could only hold

or deal with them in accordance with the law. By § 1492, Mills' Ann. Stats., it was incumbent upon him, at all times, to have the goods so seized, to abide the order of the justice of the peace in respect thereto. This section also requires, in substance, that the justice of the peace who issued the warrant, shall examine witnesses and determine whether the property seized was stolen, and, if it shall be determined that such property was not stolen, "then the goods shall be immediately restored to the person from whose possession they were taken." Under this law it was the official duty of the defendant to immediately, upon the finding by the justice of the peace that the goods had not been stolen, and the justice's order to turn the same over to the plaintiff, to restore the goods to the latter. They were taken from his possession, and, irrespective of the actual ownership thereof, the duty devolved upon the defendant, under the law and the order of the justice, to restore the property to him from whose possession it was taken. The facts showing the taking of the property, the finding, and order of the justice of the peace relative thereto, and the duty of the defendant in the premises, are clearly set forth in the complaint. The restoration of the property to plaintiff was a clear, certain and positive official duty, specially enjoined upon defendant by law. The duty was ministerial, and defendant had no discretion in the premises. There was a clear legal right in the plaintiff to have the act performed for which he sought the aid of the court.

Plaintiff in error contends, that in cases where adequate relief may be had by an action for damages, mandamus will not lie. Unquestionably, such is the general rule; but in the case of ministerial officers "there is an exception to the general rule, and they may be compelled to exercise their func-

tions according to law by mandamus, even though the party has another remedy against them.   *   *   *
It is held by the weight of authority that mandamus will lie, although the party may have also a remedy upon the official bond of the ministerial officer.'' 26 Cyc., 172-173. Furthermore, to supersede the remedy by mandamus, a party must not only have an adequate legal remedy, but one competent to afford the specific relief to which the party is entitled under the statute. It is certain that an action in replevin, or for damages against the sheriff for neglect of duty, would not be equally convenient, beneficial and effective as the proceeding by mandamus, since it would not necessarily compel him to do the specific act which the law requires him to perform, to-wit: the restoration of the property. Even in replevin, the property might not be restored. Moreover, the statute imposing the duty to return the property to the person from whom it was taken, when it has been ascertained that the same was not stolen, provides no remedy for failure so to do. Where a statute prescribes no remedy for the refusal to perform a duty made imperative thereby, or in case of doubt whether there be another effectual remedy, the writ will be allowed.

But it is contended, that the complaint fails to show a demand upon the defendant to perform the act sought to be coerced, and, therefore, fails to state a cause of action. We think the complaint is not vulnerable to the objection urged. If a demand were necessary, which is not at all certain, the complaint sufficiently shows a demand, and likewise a refusal to comply therewith. It alleges, that the justice of the peace determined that the property seized under the search warrant had not been stolen and ordered it delivered to the plaintiff. The defendant had taken it under a process issued by the

(6)

justice of the peace. He had returned that process into court, and presumably was before the justice to await the latter's order in respect thereto. Until the record discloses some other disposition of the property, we must presume that he who took it still has it. The defendant's allegation, that he had turned the property over to the Mine Owners' Association, was denied by the replication, and we must presume, under the condition of this record, that the plaintiff's allegations were supported by the evidence. The order of the justice of the peace, made under the mandate of the statute, must be presumed to be an order to the official whose duty it was to hold and deliver the property only upon such order. Under the circumstances, no other demand, to comply with his official duty, was necessary to be made upon defendant.

Defendant contends, that the complaint neither alleges nor prays damages, and that the judgment is double in its nature, in that it requires the defendant to deliver the property taken, to the plaintiff, and likewise pay him for its value in money. Of course, the writ is the primary pleading, but the complaint is embodied in the writ and sets forth the entire facts in detail, and prays that the property be restored to the plaintiff, and "for such other and further relief as to the court may seem fit and proper."

Defendant did not seek to have it made more specific in any particular. He appeared and contested the case. The court found the issues generally in favor of the plaintiff, and gave judgment accordingly and for a specific sum. Defendant concedes, that while the judgment does not recite that the award is for damages, it must have been so intended. We concur in this view, and assume, in the absence of anything to the contrary, that the judg-

ment was authorized under § 317 of the code, which specifically provides, in such cases, that if the judgment be given for the plaintiff, he shall recover the damages he shall have sustained.

Upon application of plaintiff in error we issued an injunction against defendant in error, to supplement a supersedeas previously granted, and to fully protect the rights of the parties, until we could finally determine the questions involved herein.

Under the conditions of the record presented, we must dissolve that injunction and affirm the judgment of the trial court, and it is so ordered.

*Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.