Steven Douglas JONES,.
Plaintiff–Appellant,

v.

**COLORADO STATE BOARD OF
CHIROPRACTIC EXAMINERS,**
Defendant–Appellee.

No. 93CA0522.

Colorado Court of Appeals,
Div. I.

April 21, 1994.

Samuel L. Anderson, Fort Collins, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Evelyn Bachrach Makovsky, James F. Carr, Asst. Attys. Gen., Denver, for defendant-appellee.

Opinion by Judge ROY.

Steven Douglas Jones appeals the dismissal with prejudice of his complaint against defendant, the Colorado State Board of Chiropractic Examiners (Board). We affirm.

Jones received chiropractic treatment for neck and shoulder pain on four separate occasions from two different chiropractors. Thereafter, he began experiencing double vision, dizziness, and a loss of balance and was diagnosed by his physician as having sustained a cerebellar infarction. Jones commenced these proceedings against the two chiropractors seeking damages alleging that the chiropractic treatments caused the cerebellar infarction.

Jones named the Board as a defendant for the purpose of enjoining the Board to adopt a regulation requiring all licensed chiropractors in Colorado to inform their patients that spinal manipulative therapy of the cervical spine can cause injury to the vertebral arteries resulting in closed head injury, permanent brain damage, and death. Such regulation would be in contrast to the existing regulation which provides that a chiropractor engages in incompetent and negligent conduct when he or she offers an "unproven procedure" without first obtaining the patient's informed consent. Colorado State Board of Chiropractic Examiners Rule 10, 3 Code Colo.Reg. 707–1.

The power of the courts to order executive agencies to take any action is extremely limited. Injunctive relief is not generally available against an administrative agency performing the duties delegated to it. *Moore v. District Court,* 184 Colo. 63, 518 P.2d 948 (1974); *Chonoski v. State,* 699 P.2d 416 (Colo.App.1985).

Although framed as a request for a mandatory and permanent injunction, the relief sought by Jones is in the nature of mandamus. *See* C.R.C.P. 106(a)(2). Mandamus is appropriate where: 1) the plaintiff has a clear right to the relief sought; 2) the agency has a clear duty to perform the act requested; and 3) there is no other available remedy. *Gramiger v. Crowley,* 660 P.2d 1279 (Colo.1983). Jones' claim meets none of these requirements, and he cannot circumvent them by requesting injunctive relief.

The Board's rule-making authority is a quasi-legislative function delegated to it by the General Assembly. *See* § 12–33–107(1)(a), C.R.S. (1991 Repl. Vol. 5A). Legis-lative and quasi-legislative functions are inherently discretionary. *Tihonovich v. Williams,* 196 Colo. 144, 582 P.2d 1051 (1978). Mandamus is appropriate only if the administrative act is ministerial in nature and the agency or official has a clear legal duty to perform the act; it is inappropriate when the agency or official has discretion. *Ahern v. Baker,* 148 Colo. 408, 366 P.2d 366 (1961). Therefore, Jones lacks a clear right to the remedy and there is no clear duty of the Board to act as requested.

As to the final criterion for mandamus relief, we note that there are existing remedies at law available to Jones. Jones can petition the Board for the issuance of the regulation, and the denial of such a petition is reviewable. *See* §§ 24–4–103(7), 24–4–106(7), and 24–4–103(8.1), C.R.S. (1988 Repl. Vol. 10A). Jones can bring a declaratory judgment action against the Board to challenge the validity and applicability of the existing regulation pursuant to C.R.C.P. 57. *See Collopy v. Wildlife Commission,* 625 P.2d 994 (Colo.1981). Furthermore, to the extent that the existing rule is being relied upon by the chiropractor defendants to establish a standard of practice, its use for that purpose can be challenged in the pending proceedings without the Board being made a party.

We disagree with Jones' contention that since the district court has subject matter jurisdiction over the claim pursuant to § 24–4–106, C.R.S. (1988 Repl. Vol. 10A), it erred in dismissing his claim against the Board. In regard to this contention, we would first point out that the Act creating the Board provides for judicial review of quasi-legislative actions of the Board by the court of appeals not the district courts. *See* § 12–33–121, C.R.S. (1991 Repl. Vol. 5A); § 24–4–106(11), C.R.S. (1988 Repl. Vol. 10A). Furthermore, the issue here is not jurisdiction but remedy. We conclude that § 24–4–106 does not expand the power of the courts with respect to initiating and compelling administrative action beyond that available under C.R.C.P. 106(a)(2).

Jones' reliance on *Colorado State Board of Optometric Examiners v. Dixon,* 165 Colo. 488, 440 P.2d 287 (1968) for the proposition

that the district court has jurisdiction over his claim for injunctive relief is likewise misplaced. The issue in *Dixon* was whether a court could enjoin an agency from enforcing a newly promulgated regulation and not, as here, whether to order an agency to adopt a specific regulation.

The judgment dismissing Jones' complaint against the Board is affirmed.

NEY and BRIGGS, JJ., concur.