Eldon Brette McINTOSH,
Plaintiff–Appellant,

v.

**BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 1, City and County of Denver, Defendant–Appellee.**

No. 98CA2263.

Colorado Court of Appeals,
Div. II.

March 16, 2000.

Colorado Education Association, Sharyn E. Dreyer, Martha R. Houser, Gregory J. Lawler, Cathy L. Cooper, Bradley C. Bartels, Denver, Colorado, for Plaintiff–Appellant.

Semple, Miller & Mooney, P.C., Patrick B. Mooney, Julie C. Tolleson, Elizabeth J. Hyatt, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAILEY.

Plaintiff, Eldon Brette McIntosh (teacher), appeals the order of the district court dismissing with prejudice his complaint for mandamus relief. We reverse and remand for further proceedings.

The plaintiff was a probationary second grade school teacher who disciplined a student. The student was purportedly injured in the incident. Subsequently, the defendant, Board of Education of School District No. 1, City and County of Denver (school board), voted not to renew the teacher's contract.

The teacher instituted this action to compel the school board to reinstate him to his

teaching position. He claimed that § 22–32–110(4)(c), C.R.S.1999, prohibited the school board from not renewing his contract if he in good faith acted in compliance with the school board's discipline policy.

The school board filed a C.R.C.P. 12(b)(5) motion to dismiss. In that motion, the school board asserted that plaintiff's contract was not renewed due to budget considerations.

The trial court granted the motion to dismiss, finding that mandamus relief was unavailable because (1) § 22–63–203(4)(a), C.R.S.1999, afforded the school board discretion not to renew a probationary teacher's contract "for any reason" it deemed sufficient and (2) the school board's stated budgetary reason for not renewing the teacher's contract was sufficient under the statute.

On appeal, the teacher contends that he was entitled to pursue mandamus relief, while the school board contends that the teacher's complaint failed to state a claim for such relief. In each instance, we agree with the teacher.

## I.

Under C.R.C.P. 106(a)(2), mandamus relief is appropriate when: (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a clear duty to perform the act requested; and (3) no other adequate remedy is available to the plaintiff. *Gramiger v. Crowley,* 660 P.2d 1279 (Colo.1983).

## A.

Whether the teacher has a clear right and the school board a corresponding duty depends on the effect of two statutes. The school board claims complete discretion not to renew a probationary teacher's contract under § 22–63–203(4)(a); the teacher argues that the school board's discretion is limited by a duty conferred upon it by § 22–32–110(4)(c).

The primary task of statutory interpretation is to ascertain and give effect to legislative intent, and a reviewing court does so by first looking to the language of the statute and giving words their plain and ordinary meaning. *See Colorado State Board of*

*Nursing v. Bethesda Psychiatric Hospital,* 809 P.2d 1051 (Colo.App.1990). Conflicts between relevant provisions are to be avoided by reconciling or harmonizing statutes if possible. *See People v. Smith,* 971 P.2d 1056 (Colo.1999).

Section 22–63–203(4)(a) provides that "[t]he chief administrative officer of the employing school district may recommend that the board not renew the employment contract of a probationary teacher for any reason he deems sufficient." The board may then follow that recommendation, not renew the contract, and send written notice of its decision to the probationary teacher.

Section § 22–32–110(4)(c), however, provides that "[a] teacher or any other person who acts in good faith and in compliance with the discipline code adopted by the board of education ... shall not have his contract nonrenewed or be subject to any disciplinary proceedings, including dismissal, as a result of such lawful actions...."

Here, we reconcile the statutes and determine that § 22–32–110(4)(c) creates an exception to § 22–63–203(4)(a), the general rule granting school boards discretion in not renewing probationary teachers' contracts. Section 22–32–110(4)(c) prohibits school boards from basing decisions not to renew probationary teachers' contracts on actions taken both in good faith and in compliance with the boards' discipline codes.

## B.

The school board argues that mandamus relief is inappropriate because another avenue of relief exists to remedy any violation of § 22–32–110(4)(c). According to the school board, its determination of the reason for the nonrenewal of a contract is subject to C.R.C.P. 106(a)(4) review for an abuse of discretion. We disagree.

Mandamus is an appropriate remedy when an agency ignores or violates statutory restrictions on its authority. *See Marquez–Ramos v. Reno,* 69 F.3d 477 (10th Cir. 1995). Contrary to the contention of the school board, here, the scope or manner of its discretion is limited by statute. Thus, mandamus relief is appropriate where, as here,

"a statute prescribes no remedy for the refusal to perform a duty made imperative thereby, or in case of doubt whether there be another effectual remedy...." *Bell v. Thomas,* 49 Colo. 76, 81, 111 P. 76, 78 (1910).

Here, the school board unilaterally decided not to renew the teacher's contract. *Cf. Julesburg School District No. RE-1 v. Ebke,* 193 Colo. 40, 562 P.2d 419 (1977) (school board's unilateral action in freezing teachers' salaries not quasi-judicial action reviewable under C.R.C.P. 106(a)(4)). The school board had a specific duty to refrain from refusing to renew a probationary teacher's contract because of good faith and code-compliant disciplinary actions. *See* § 22-32-110(4)(c). Section 22-32-110(4)(c) prescribes no avenue of relief for an alleged violation of this duty, and the probationary teacher has not been afforded, and does not now otherwise have, the opportunity to be heard by an impartial arbiter on his claim. *See Western Grove School District v. Terry,* 318 Ark. 316, 323, 885 S.W.2d 300, 303 (1994) ("[T]here is no legal requirement that a teacher ask for a board hearing after the board has already taken action. Again, the burden on the teacher under such circumstances would be oppressive, and the effort perhaps even futile, following a board decision on the issue").

Under these circumstances, an action seeking mandamus relief was appropriate. *See Marquez-Ramos v. Reno, supra; Bell v. Thomas, supra.*

## II.

■ We also disagree with the school board's argument that the teacher's complaint failed to state adequately a claim upon which mandamus relief could be granted.

■ Motions to dismiss for failure to state a claim are "viewed with disfavor." *Dunlap v. Colorado Springs Cablevision, Inc.,* 829 P.2d 1286 (Colo.1992). When reviewing such a motion, a court must accept as true the allegations of the complaint, under any theory of law, and determine whether the plaintiff is entitled to relief. *Rosenthal v. Dean Witter Reynolds, Inc.,* 908 P.2d 1095 (Colo.1995). It is appropriate to grant the motion only if there is no set of facts that the plaintiff could prove upon which relief could be granted. *Dunlap v. Colorado Springs Cablevision, Inc., supra.*

Because we view all facts in the light most favorable to the non-moving party, we will not consider disputed facts, such as the school board's proffered reason for not renewing the teacher's contract, in the school board's favor. Further, in our view, the complaint provided sufficient notice to the school board of the facts and theory underlying the teacher's cause of action. *See generally DiChellis v. Peterson Chiropractic Clinic,* 630 P.2d 103 (Colo.App.1981) (discussing notice pleading requirements).

Accordingly, we reverse and remand to the district court with directions to conduct an evidentiary hearing to determine the reason for the nonrenewal of the teacher's contract. Mandamus relief requiring the reinstatement of the teacher shall be granted only if the district court determines that the school board decided not to renew the teacher's contract for the reason prohibited by § 22-32-110(4)(c).

Judge PLANK and Judge DAVIDSON concur.