Keith WIDDER, Plaintiff–Appellee,

v.

DURANGO SCHOOL DISTRICT NO. 9–R, a Colorado school district; and Board of Education of Durango School District No. 9–R, a Colorado school district board of education, Defendants–Appellants.

No. 01CA1180.

Colorado Court of Appeals, Div. V.

June 20, 2002.

Rehearing Denied July 25, 2002.*

Certiorari Granted Jan. 13, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2001.

* Roy, J., would grant.

Colorado Education Association, Charles F. Kaiser, Martha R. Houser, Gregory J. Lawler, Cathy L. Cooper, Sharyn E. Dreyer, Denver, Colorado, for Plaintiff–Appellee.

Semple, Miller & Mooney, P.C., Patrick B. Mooney, Wendy J. Shea, Denver, Colorado, for Defendants–Appellants.

Opinion by Judge MARQUEZ.

In this action in mandamus, defendants, Durango School District No. 9–R and the Board of Education of Durango School District No. 9–R, appeal the trial court's judgment granting plaintiff, Keith Widder, reinstatement and back pay. We vacate the judgment and remand with directions.

While employed as a custodian at a middle school in Durango, plaintiff witnessed a student being pushed by another student and decided to stop the incident. According to plaintiff, when he approached the students, he squatted down to get "eye to eye with them" and accidentally bumped foreheads with one of the students. Later that day, the interim assistant principal informed plaintiff that the student reported that plaintiff had "head butted" him, and plaintiff was served with a notice of suspension. The interim superintendent advised plaintiff by letter that he was recommending to the board that plaintiff be terminated and that plaintiff could request a hearing.

Plaintiff requested a hearing before the interim superintendent. Following the hearing, at which plaintiff appeared with counsel, a different interim superintendent found that she would uphold the recommendation of termination based on evidence that there was a head butt. She also found, based on her assessment of the credibility and weight of the evidence, that plaintiff's actions were deliberate or the result of inappropriate conduct. The board approved the recommendation and dismissed plaintiff.

Plaintiff originally filed a complaint alleging breach of contract and violation of the former § 22–32–110(4)(c) (the immunity statute), Colo. Sess. Laws 1991, ch. 91 at 530 (now codified with amendments as § 22–32–109.1(9)(e), C.R.S.2001). That section provided that "[a] teacher or any other person who acts in good faith and in compliance with the discipline code adopted by the board of education ... shall not ... be subject to any disciplinary proceedings, including dismissal, as a result of such lawful actions." Defendants moved for judgment on the pleadings pursuant to C.R.C.P. 12(c), which the trial court granted.

However, the court also allowed plaintiff to file an amended complaint based on *McIntosh v. Board of Education*, 999 P.2d 224 (Colo.App.2000). The amended complaint alleged that he was damaged by the board's failure to comply with the immunity statute and that he was entitled to relief in the nature of mandamus pursuant to C.R.C.P. 106(a)(2).

Defendants then moved for summary judgment, which the court denied. The court rejected as contrary to *McIntosh* defendants' assertion that the board's actions are reversible only for abuse of discretion and conclud-

ed that the court should determine de novo whether plaintiff was discharged in violation of the statute and entitled to a writ of mandamus.

After an evidentiary hearing, the trial court ruled in favor of plaintiff and ordered that he be reinstated and awarded back pay plus statutory interest. Defendants appeal from this judgment.

I.

Defendants first contend that the trial court erred in determining de novo the facts underlying the dismissal decision. In support of this contention, defendants argue that the immunity statute does not divest a school district of its authority to discipline or dismiss an employee if the district determines that the employee's conduct was inappropriate and that the trial court erred in refusing to defer to the school district's findings of inappropriate conduct by plaintiff. We agree that the trial court erred in conducting a de novo hearing.

Mandamus is an extraordinary remedy that may be used to compel performance by public officials of a plain legal duty which devolves upon them by virtue of their office or which the law enjoins as a duty resulting from the office. Mandamus is appropriate upon the satisfaction of three conditions: (1) a clear legal right to the relief sought; (2) a clear legal duty on the part of the district to perform the act requested; and (3) lack of any other available remedy. *Board of County Comm'rs v. County Road Users Ass'n,* 11 P.3d 432 (Colo.2000); *Sherman v. City of Colorado Springs Planning Comm'n,* 763 P.2d 292 (Colo.1988).

Mandamus lies to compel the performance of a purely ministerial duty involving no discretionary right and not requiring the exercise of judgment. *Board of County Comm'rs v. County Road Users Ass'n, supra.*

The board of education has the power, to be exercised in its judgment, to discharge or otherwise terminate the employment of any personnel. *See* § 22–32–110(1)(h), C.R.S. 2001; *Adams County School Dist. No. 50 v. Dickey,* 791 P.2d 688 (Colo.1990).

In *McIntosh, supra,* a division of this court determined that a probationary teacher who had disciplined a student was entitled to pursue mandamus relief to enforce the immunity statute when the school board unilaterally voted not to renew the teacher's contract. The school board had asserted in a C.R.C.P. 12(b)(5) motion to dismiss that the teacher's contract was not renewed based on budget considerations. The division determined that the statute creates an exception to the general rule granting school boards discretion to terminate employment and prohibits school boards from basing termination decisions on actions taken in good faith and in compliance with the school board's discipline codes.

The division in *McIntosh* concluded that pursuant to the immunity statute, the school board had a specific duty not to refuse to renew the probationary teacher's contract because of good faith and code compliant disciplinary actions. The division also held that the statute prescribes no avenue of relief for an alleged violation of this duty and that the probationary teacher had not been afforded, and did not otherwise have, the opportunity to have his claim heard by an impartial arbiter.

Because the appeal in *McIntosh* concerned the trial court's grant of the school board's motion to dismiss, the division did not consider the school board's proffered reason for not renewing the teacher's contract. Rather, it remanded the case to the district court with directions to conduct an evidentiary hearing to determine that reason. The division stated that mandamus relief requiring the reinstatement of the teacher should be granted only if the trial court determined that the school board's reason was prohibited by the immunity statute.

Here, defendants argued before the trial court that the immunity statute does not immunize plaintiff from termination if the board determines in its discretion that the methods used to discipline a student are inappropriate and therefore, not in good faith and in compliance with the disciplinary code. The trial court rejected this argument based on its interpretation of *McIn-*

*tosh* and determined that whether plaintiff was discharged in violation of the statute was an issue to be heard de novo. After hearing testimony from plaintiff, a student who witnessed the incident, an economist, the complaining student, the interim assistant principal, the interim superintendent, and the district's human resources director, the trial court determined that there was not "any evidence to sustain the notion that the head contact ... was deliberate" and that defendant acted in good faith and in compliance with the discipline code.

■ We disagree with the trial court's conclusion that *McIntosh* required a de novo hearing here.

In *McIntosh*, the case was remanded to the trial court not to determine whether the teacher acted in good faith and in compliance with the disciplinary code, but rather to determine the reason for the nonrenewal. Whether the teacher acted in good faith during the disciplinary incident does not appear to have been an issue in that case.

Moreover, unlike the teacher in *McIntosh*, plaintiff here was afforded a hearing before the interim superintendent prior to termination. At that hearing, plaintiff was represented by counsel and had the opportunity to present evidence.

In their brief on appeal, defendants assert that plaintiff was given the opportunity to present whatever evidence he wanted. According to defendants' brief, plaintiff provided the interim superintendent with only a written statement. The record indicates that the interim superintendent sent a letter to plaintiff outlining the evidence and stating her findings. The letter lists as the evidence reviewed support staff appraisals regarding plaintiff; "thank you notes" to plaintiff; a certificate of achievement; a statement by plaintiff "on speaking to attorney;" plaintiff's suspension; administrative policies on exclusions, corporal punishment, suspension and expulsion of students; a letter from the superintendent on termination and right to request a hearing; an investigative report; statements from plaintiff, students, and teachers; and, Durango Herald records.

On appeal, plaintiff does not contest that he was given the opportunity to present any evidence he wished to offer at the hearing before the interim superintendent. Nor does he assert he was prevented from testifying at the hearing, calling witnesses, or presenting other evidence. During oral argument, plaintiff's counsel stated that denial of due process was not the issue, but "the issue here is whether the statute was violated." However, plaintiff does not argue that the immunity statute requires an evidentiary hearing before the trial court. Rather, plaintiff relies on *McIntosh* for that requirement.

■ We agree that, pursuant to the immunity statute, the board did not have discretion to dismiss plaintiff if his conduct was in good faith and in compliance with the disciplinary code. However, the statute does not divest the board of its discretion to determine whether his conduct in fact was in good faith and in compliance and so whether it warrants dismissal. Additionally, we do not read *McIntosh* as requiring an evidentiary hearing before the trial court in every case involving disciplinary proceedings based on the statute. Absent circumstances indicating that an employee was not provided an opportunity for a hearing, the more appropriate procedure is to seek review of the board's decision pursuant to C.R.C.P. 106(a)(4).

Here, it is undisputed that the board's decision to terminate plaintiff was not a unilateral decision as in *McIntosh*. Instead, it was based on the interim superintendent's finding, after an evidentiary hearing, that plaintiff had engaged in deliberate or inappropriate conduct.

Therefore, the trial court erred in determining de novo that plaintiff's conduct was in good faith and in compliance with the disciplinary code. Thus, plaintiff is not entitled to mandamus relief.

## II.

Because we conclude that the trial court was *not required* to conduct a de novo review, we need not address defendants' contention that the trial court abused its discretion by determining that plaintiff acted in

good faith and in compliance with the discipline code.

The judgment is vacated, and the case is remanded with instructions to reinstate the board's order.

Chief Judge HUME concurs.

Judge ROY dissents. ·

Judge ROY dissenting.

I respectfully dissent.

In my view, § 22–32–109.1(9)(e), C.R.S. 2001 (formerly codified at § 22–32–110(4)(c)), places a limit on a school board's general power to discipline and dismiss employees. In this sense, I agree with the holding in *McIntosh v. Board of Education*, 999 P.2d 224 (Colo.App.2000). Therefore, it seems incongruous to me that the school board is given the initial determination as to whether its action in dismissing an employee is proscribed by the statute and then according that determination judicial deference as the majority holds.

However, I disagree with the division in *McIntosh* that mandamus pursuant to C.R.C.P. 106(a)(2) is the appropriate remedy under these circumstances. Mandamus lies only when there is a clear legal right, a clear legal duty, and no other available remedy. Mandamus deals with ministerial acts, not acts involving discretion. *See Jones v. Colorado State Board of Chiropractic Examiners*, 874 P.2d 493 (Colo.App.1994).

I also disagree with the majority that the appropriate remedy here is a judicial review pursuant to C.R.C.P. 106(a)(4). Nor do I agree with the majority that this case should be distinguished from *McIntosh* by virtue of the fact that here the school district held a hearing. By distinguishing *McIntosh,* rather than disapproving of it, the majority implies that it is good law in those instances in which the school district did not accord the employee a hearing, a proposition with which I also disagree.

In my view, the discharged or disciplined employee has a remedy under C.R.C.P. 57, in a proceeding for declaratory judgment. In a C.R.C.P. 57 proceeding, the issue is whether the dismissal or discipline was in violation of the statute, and the court may impose injunctive relief if it determines that a violation has occurred. Such proceeding would not be a review of the school district's action, which would be accorded no deference. *See* C.R.C.P. 57(i).

It is apparent that the General Assembly is concerned about discipline in the public schools and seeks to protect school boards, teachers, and other persons who act in good faith and in compliance with a disciplinary code. The statute protects these entities and persons from civil liability by granting immunity from criminal liability by according an affirmative defense, and from allegations of child abuse by excluding good faith compliance with a disciplinary code from the definition of child abuse. *See* § 22–32–109.1(9), C.R.S.2001 (formerly codified at § 22–32–110(4)(a)(I)(III), (b)).

Then, § 22–32–109.1(9)(e) gives similar protections to a teacher or any other person *from the school board* by prohibiting the school board from nonrenewal of an employment contract, taking any disciplinary action, including dismissal, or making any note in an employment record. It is apparent that, for whatever reason, the General Assembly has concluded that these persons need specific protection from the public, prosecutors, and school boards. To make a school board the initial arbiter of whether its action violates the statute, and then to give that decision the deference normally accorded in an administrative review pursuant to C.R.C.P. 106(a)(4) dilutes the protection accorded by the statute and the General Assembly.

Therefore, because the trial court, albeit for the wrong reasons, conducted a full hearing, made appropriate findings of fact and conclusions of law, and ordered plaintiff's reinstatement, I would affirm.